**LAND USE REGULATION COMMISSION**

v.

**Thomas T. TUCK et al.**

Supreme Judicial Court of Maine.
Argued Nov. 16, 1984.
Decided April 5, 1985.

Paul Stern (orally), Asst. Atty. Gen., Augusta, for plaintiffs.

Nale & Nale Law Offices, John E. Nale (orally), Waterville, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, and GLASSMAN, JJ., and WERNICK, A.R.J.

GLASSMAN, Justice.

The defendant, Thomas T. Tuck, appeals a Superior Court, Somerset County, judgment denying his motion, pursuant to M.R. Civ.P. 60(b),[1] for relief from a judgment of contempt. The plaintiff, the Land Use Regulation Commission (LURC), cross-appeals the denial of its motion for further contempt sanctions. We vacate that portion of the judgment requiring the defendant to pay a $10,000 fine "to this court on or before October 15, 1982." We deny LURC's cross-appeal.

I.

Under the authority of 12 M.R.S.A. § 685–C(8),[2] LURC filed suit in 1975

---

**1.** M.R.Civ.P. 60(b) reads in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation....

**2.** 12 M.R.S.A. § 685–C(8) reads in pertinent part:

Standards, rules, regulations and orders issued by the commission pursuant to this chapter shall have the force and effect of law. No development may be undertaken, except in conformance with this chapter, the standards, rules, regulations and orders enacted or issued pursuant to this chapter, and any real estate or personal property existing in violation of such shall be a nuisance. For the purposes of inspection and to assure compliance with standards, orders and permits issued or adopted by the commission, authorized commission staff or consultant personnel may conduct such investigations, examinations, tests and site evaluations deemed necessary to verify information presented to it, and may obtain access to any lands and structures regulated pursuant to this chapter. A violation of any provision of this chapter or the rules promulgated hereunder is punishable by a fine of up to but not more than $500 for each day of the violation. In addition to the other penalties provided, the commission may, in the name of the State of Maine, institute any appropriate action, injunction or other proceeding to prevent, restrain, correct or abate any violation hereof or orders or of the standards, rules or regulations promulgated hereunder. This action

against the defendant, owner and developer of the Spring Lake Development in Somerset County, alleging violations of 12 M.R.S.A. § 685–B.[3] The parties consented to an order dated March 29, 1976, in which the Superior Court found the defendant had sold a number of lots without the required permit from LURC and provided that he be "permanently enjoined from selling or offering for sale any interest in, constructing any roads or other structure on, or otherwise developing, any portion of that land known as 'Spring Lake Development' ... without prior approval of LURC pursuant to 12 M.R.S.A. § 685–B." The order further provided that the defendant file a completed application for a subdivision permit with LURC within forty-five days covering already completed sales of certain of the development's lots and comply with all conditions lawfully imposed by LURC with respect to the use and development of these lots.

In December 1980, LURC issued subdivision permit SP 380–C to the defendant. LURC filed a verified complaint in June of 1982, seeking a judgment of contempt against the defendant for violating the 1976 court order by offering to sell his interest in the subdivision without LURC approval and for failing to comply with certain conditions of SP 380–C. On September 16, 1982, the Superior Court found the defendant had failed to comply with various conditions of approval required by SP 380–C and adjudged him in contempt of the 1976 order. It ordered him to pay a $10,000 penalty to the court on or before October 15, 1982, for the violations complained of, to comply fully with the provisions of the 1976 order and the provisions of SP 380–C, and to reimburse LURC for costs and attorney's fees attendant to the proceeding. The defendant's failure to abide by this judgment led to a second contempt hearing on December 10, 1982.

The defendant failed to appear at this hearing, and the court ordered a writ of execution for the sale of his interest in a parcel of land in Madison to pay the fine and LURC's costs. On August 23, 1983, the defendant filed a motion to vacate the earlier contempt judgment pursuant to M.R.Civ.P. 60(b). The court denied the defendant's motion as well as a third contempt motion by LURC. Both the defendant and LURC appeal.

## II.

■ We begin by noting M.R.Civ.P. 60 is substantially identical to Fed.R.Civ.P. 60. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 60.14 at 78 (2d ed. 1970). The rule "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 C. Wright & A. Miller, *Federal Practice and Procedure* 140 (1973). Application of the rule is generally within the sound discretion of the trial court, and its action is reviewable only for abuse of that discretion. *See Willette v. Umhoeffer*, 245 A.2d 540, 542 (Me.1968) (quoting Field, McKusick & Wroth, *supra*, at 71). We have held, following a number

may include, but is not limited to, proceedings to revoke or suspend any commission permit or approval, taken either before the commission itself in accordance with Title 5, section 10004, before the Administrative Court in accordance with Title 4, sections 1152 to 1157, or, notwithstanding the provisions of Title 4, section 1151, subsection 2, or Title 5, section 10051, before the Superior Court as part of an enforcement action brought by the commission.

**3.** 12 M.R.S.A. § 685–B, which deals with development review and approval, reads in pertinent part:

A. No structure or part thereof shall be erected, changed, converted, or wholly or partly altered or enlarged in its use or structural form other than normal maintenance or repair, without a permit issued by the commission.

B. No person shall commence development of or construction on any lot or parcel within any subdivision or sell or offer for sale any interest in any lot or parcel within any subdivision without a permit issued by the commission.

C. No person shall commence any construction or operation of any development without a permit issued by the commission.

of federal cases, Rule 60(b) is not a substitute for appeal. *Brengelmann v. Land Resources, Etc.,* 393 A.2d 174, 176 n. 3 (Me.1978), *cert. denied,* 440 U.S. 971, 99 S.Ct. 1535, 59 L.Ed.2d 788, *rehearing denied,* 441 U.S. 957, 99 S.Ct. 2187, 60 L.Ed.2d 1061; *see also* Wright & Miller, *supra,* at 142 n. 19. Because we have also held that a party making a Rule 60(b) motion must present to the Superior Court all grounds for relief or face losing them on appeal, *Laurel Bank & Trust Co. v. Burns,* 398 A.2d 41, 44 (Me.1979), we need concern ourselves here only with the grounds the defendant asserts in his motion: specifically subsections 1, 4, and 6 of Rule 60(b). The defendant's allegations under subsections 1 and 6 are wholly without merit, and the Superior Court did not abuse its discretion in denying defendant's motion on those grounds.

The defendant alleges additional grounds, however, under subsection 4, which allows the court at any time to relieve a party of final judgment when that judgment is void. 2 Field, McKusick & Wroth, *supra,* at 76. We have previously determined that a party may move to set aside a judgment for voidness under Rule 60(b)(4) if the court which rendered it lacks jurisdiction of the parties or the subject matter, adjudicates issues beyond the scope of those submitted for decision, or acts in a manner inconsistent with due process. *Warren v. Waterville Urban Renewal Authority,* 290 A.2d 362, 365–66 (Me.1972); *see* Wright & Miller, *supra* § 2862, at 198–200. Unquestionably, in the instant case the Superior Court had jurisdiction both over the parties and the subject matter. Nor did its judgment go beyond the scope of the issues submitted to the court for decision. The defendant alleges that because the $10,000 fine was in fact a criminal sanction imposed in a civil contempt proceeding, the Superior Court improperly denied his motion for Rule 60(b)(4) relief. We agree.

■ We have noted before that in a civil contempt proceeding designed to force

compliance and to obtain for the other party the benefits of a court order, the requirement that the contemnor be provided the opportunity to purge himself is inherent in the coercive process. That is, the contemnor must be allowed to comply with the court order and thus free himself from the court's coercive techniques. *Wells v. State,* 474 A.2d 846, 850 (Me.1984); *Small v. Small,* 413 A.2d 1318, 1323 (Me.1980). This "essential ingredient" of a civil contempt sanction is most apparent in the context of contemnors whose right to purge and thus obtain release from incarceration allows them to "carry the keys of their prison in their own pockets." *See Wells v. State,* 474 A.2d at 850 (quoting *In re Nevitt,* 117 F. 448, 461 (8th Cir.1902)); *State v. Vickers,* 309 A.2d 324, 328 (Me.1973). Confinement, however, is not the only coercive measure available to the court.

> Conditional fines are another method of coercion, often consisting of the imposition of a fine *per diem* until compliance. The more common practice, however, is to threaten the imposition of a large fine unless there is compliance by a certain date. If the fine does not represent the actual damage caused by the contumacy it is not compensatory.

Note, *The Coercive Function of Civil Contempt,* 33 U.Chi.L.Rev. 120, 130 (1965). In keeping with the nature of the civil contempt proceeding, the sanction, whether a fine or incarceration, must be "wholly remedial." *Nye v. United States,* 313 U.S. 33, 42–43, 61 S.Ct. 810, 812–813, 85 L.Ed. 1172 (1941) (quoting *McCrone v. United States,* 307 U.S. 61, 64, 59 S.Ct. 685, 686, 83 L.Ed. 1108 (1939)). A civil contempt fine must either compensate the party intended to be benefitted by the original court order for losses sustained or, by its conditional nature, work to coerce the contemnor to comply with the court's order. *U.S. v. United Mine Workers,* 330 U.S. 258, 303–304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1946).

■ In the instant case, the Superior Court found the defendant in contempt of its prior order and ordered that he "purge

himself of such contempt" by, *inter alia,* paying to the court a fine of $10,000 on or before October 15, 1982. This fine is neither compensatory nor conditional, but is imposed for the past "violations complained of." The fine is not paid to LURC. In fact, there was no evidence that LURC suffered any money damages. Nor was the defendant given the opportunity to avoid paying by complying with the court's prior judgment. Indeed, according to the very terms of the contempt judgment, the only way he can "purge" himself is by payment of the fine. This fine can in no sense be interpreted as remedial and, as a civil sanction, it must fail. "A definite fine which is neither compensatory nor conditioned on future violations of the court order is punitive and can be imposed only in criminal contempt proceedings." *U.S. v. Prof. Air Traffic Controllers,* 678 F.2d 1, 4 (1st Cir.1982).

■ The defendant suffered the imposition of a punitive fine without the benefit of the numerous due process safeguards that attend a criminal contempt proceeding. M.R.Crim.P. 42(b). Moreover, the court's failure to inquire of the defendant's ability to pay is further evidence of a violation of his right to due process. *Wells v. State,* 474 A.2d at 851–52; *Yoder v. County of Cumberland,* 278 A.2d 379, 390 (Me.1971). The portion of the judgment imposing the $10,000 fine, under these circumstances, is punishment for criminal contempt without benefit of due process and is void.[4]

■ Although relief sought under Rule 60(b) is generally subject to the sound discretion of the trial court, such is not the case when subsection 4 is asserted as the ground for relief. The challenged judgment is either valid or void. If valid, the judgment stands; if void, it must be set aside. *Warren v. Waterville Urban Renewal Authority,* 290 A.2d at 365. The Superior Court improperly denied the defendant's motion for Rule 60(b)(4) relief.

Although the finding of contempt may stand, the judgment as it relates to the fine is void and must be stricken.

Finally, with regard to LURC's cross-appeal of the denial of its third motion for contempt, we hold the Superior Court did not abuse its discretion in denying that motion.

The entry is:

Judgment of contempt affirmed; imposition of $10,000 fine vacated; remanded for further proceedings consistent with the opinion herein.

All concurring.

---

4. We have acknowledged that the void-voidable labels merely express the result of analysis such as that contained herein. *Wells v. State,* 474

A.2d at 849; *Northeast Bank N.A. v. Crochere,* 438 A.2d 266, 268 n. 6 (Me.1981).