1998 ME 181

William D. HAMILL

v.

BAY BRIDGE ASSOCIATES et al.

Supreme Judicial Court of Maine.

Argued April 8, 1998.
Decided July 22, 1998.

F. Bruce Sleeper (orally), Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

Timothy H. Norton (orally), Richard W. Mulhern, U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Bay Bridge Associates appeals from the judgment entered in the Superior Court (Cumberland County, *Mills, J.*) denying its motion pursuant to M.R. Civ. P. 60 for relief from the judgment entered in favor of William D. Hamill. On appeal, Bay Bridge contends that it did not stipulate to a judgment in Hamill's favor and that the stipulation for and confession of judgment offered by Hamill and adopted by the court should have been rejected. We agree and vacate the judgment.

## I.

[¶ 2] Between 1991 and 1995, the various defendants in this action [1] executed nine different promissory notes in favor of Hamill. Bay Bridge signed the note at issue in this case in December 1995. The note obligated Bay Bridge to pay Hamill $614,000 in monthly installments commencing January 15, 1996. Michael Liberty signed the note as Bay Bridge's president. Bay Bridge asserts that Liberty was not its president at the time and was not authorized to sign on its behalf. In May 1996 Bay Bridge and Hamill entered into an agreement, which was not annexed to the original note and which the parties mistakenly referred to as an allonge, *see* 11 M.R.S.A. § 3–1204 comment (1995), that modified the terms of the note. The agreement was signed by Christopher Collins, Bay Bridge's current president. In a memorandum dated December 24, 1996, the obligors, including Bay Bridge, acknowledged that they had defaulted on their respective obligations. The obligors also agreed to execute a stipulated judgment in Hamill's favor. Liberty signed both the memorandum and the stipulated judgment as Bay Bridge's agent. Hamill's attorney acknowledged that before Liberty signed both documents, the attorney had been informed that Liberty was not an agent of Bay Bridge. He contends

that he subsequently contacted Liberty and his attorney and inquired whether Liberty was authorized to sign the stipulation for Bay Bridge. When Liberty's attorney failed to respond to his inquiry, he assumed that Liberty was authorized to sign the stipulation.

[¶ 3] On May 6, 1997, Hamill filed a complaint in the Superior Court alleging that Bay Bridge and the other defendants had defaulted on their loan obligations. An unsigned copy of the stipulated judgment was attached to the complaint. Hamill did not, however, refer to the stipulation in the complaint itself. On June 2, 1997, Bay Bridge and the other defendants filed a joint answer. The defendants did not refer to the stipulated judgment or provide any defenses to it in their answer. They did, however, assert that Liberty was not authorized to sign the original note. Three days later Hamill offered the stipulated judgment and the court adopted it. On June 16, 1997, the defendants collectively filed a motion to amend the judgment pursuant to M.R. Civ. P. 59(a), contending that because the stipulation had been entered into in December 1996 and provided that credit be given for amounts paid by the obligors, Hamill was required to provide evidence of the amounts still owed. The defendants also acknowledged that they had executed the stipulated judgment. On June 27, 1997, Bay Bridge separately filed a motion to vacate the judgment pursuant to M.R. Civ. P. 60(b)(1), (3), (4), and (6), asserting that Liberty was not authorized to enter into the stipulation as Bay Bridge's agent. The court thereafter denied both motions and this appeal followed.

## II.

■ [¶ 4] Bay Bridge contends that the court erred by denying its motion for relief from judgment pursuant to Rule 60(b)(4), which provides that a court at any time may relieve a party from a judgment when that judgment is void. *Land Use Regulation Comm'n v. Tuck*, 490 A.2d 649, 652 (Me. 1985).

---

1. The other defendants in this action are Michael A. Liberty, Liberty Group, Inc., East Machias Limited Partnership, and Mainland Development Company. Only Bay Bridge Associates appeals the trial court's judgment.

[A] party may move to set aside a judgment for voidness under Rule 60(b)(4) if the court which rendered it lacks jurisdiction of the parties or the subject matter, adjudicates issues beyond the scope of those submitted for decision, or acts in a manner inconsistent with due process.

*Id.* Unlike a motion brought pursuant to the other subsections of Rule 60(b), a motion for relief pursuant to Rule 60(b)(4) is not subject to the sound discretion of the trial court. *Id.* at 653. "The challenged judgment is either valid or void. If valid, the judgment stands; if void, it must be set aside." *Id.*

██ [¶ 5] Bay Bridge asserts that the court, by adopting the unauthorized stipulation as its judgment without providing Bay Bridge with an opportunity to challenge the validity of the stipulation, violated its right to procedural due process. We agree. "It is essential to a party's right to procedural due process that he be given notice of and an opportunity to be heard at any proceeding in which such property rights are at stake." *Senty v. Board of Osteopathic Examination & Registration,* 594 A.2d 1068, 1072 (Me. 1991). "Although specific requirements of due process may vary according to circumstances, at a minimum, notice must be afforded at a meaningful time in the proceedings." *Michaud v. Mutual Fire, Marine & Inland Ins. Co.,* 505 A.2d 786, 789–90 (Me.1986) (citations omitted).

[¶ 6] Hamill does not disagree that Liberty was not authorized to confess to a judgment against Bay Bridge. Nor does he dispute that the court adopted the stipulated judgment without providing Bay Bridge with notice or an opportunity to be heard. Rather, he asserts that Bay Bridge waived its procedural due process rights. We disagree. Bay Bridge did not know of the existence of the stipulation and therefore did not voluntarily waive its right to notice and a hearing. Because Bay Bridge was not given the opportunity to challenge the validity of the stipulation before it was adopted by the court, its right to procedural due process was denied and the resulting judgment is void.

██ [¶ 7] Hamill also contends that Bay Bridge's failure to question the validity of the stipulated judgment in its answer and in its Rule 59 motion precludes relief from judgment pursuant to Rule 60(b). Although Rule 60(b) "presupposes that a party has performed his duty to take legal steps to protect his own interests in the original litigation," *Reville v. Reville,* 370 A.2d 249, 254 (Me. 1977), we conclude that contrary to Hamill's assertions, Bay Bridge took the steps necessary to protect its interests. Although an unsigned copy of the stipulated judgment was attached to Hamill's complaint, he did not allege in the complaint itself that the stipulation had been executed by the parties. Bay Bridge's failure to assert in its answer that Liberty was not authorized to sign the stipulation is therefore understandable. Moreover, the collective defendants' Rule 59 motion and Bay Bridge's Rule 60 motion were filed within days of each other and the court considered both motions at the same time. The court was aware that Bay Bridge contested the validity of the stipulated judgment.

██ [¶ 8] Hamill's assertions that Bay Bridge's counsel admitted in the Rule 59 motion that Bay Bridge had executed the stipulation is also unconvincing. Although the defendants in their Rule 59 motion collectively acknowledged that they had executed the stipulation, it is clear, in light of its subsequent assertion that Liberty did not act as its agent, that Bay Bridge did not intend to admit that the stipulation was valid. *See Levinsky's v. Wal–Mart Stores, Inc.,* 127 F.3d 122, 134 (1st Cir.1997) ("To qualify as an admission ... counsel's statement, when taken in context, must be clear and unambiguous.").

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.