STATE OF MAINE

LINCOLN, ss.

NORMAN R. BRACKETT
and SANDRA BRACKETT,

Plaintiffs

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-006



DECISION AND ORDER

THE INHABITANTS OF THE
TOWN OF BRISTOL,[1]

Defendant

This matter is before the court on plaintiffs' motion to amend their petition for review and defendant Town of Bristol's motion for summary judgment.

This case concerns a controversy over reconstruction of a private pier in Bristol, Maine. Plaintiffs Norman and Sandra Brackett ("Plaintiffs") are abutting landowners to Donald Wotton ("Wotton"), who constructed a new pier on his property.

In June 2000, Wotton applied for a permit to "rip rap" his land for erosion during repair of his existing pier. On June 15, 2000, the Town of Bristol Planning Board ("Planning Board") authorized Frank King, its CEO ("CEO"), to issue a Shoreland Permit upon receipt from Wotton of a Shoreland Application, a fee, and a sketch. On July 11, the CEO issued the Shoreland Permit to Wotton.

Wotton submitted a second Application for Project Review and Permit approval, seeking approval for more extensive changes to his pier, in October 2000; the proposed project was "pier, access ramp, bait house." On November 22, 2000, the DEP approved

---

[1] Originally, the Town of Bristol Planning Board, the Town of Bristol Board of Appeals, and Donald Wotton were named defendants in this petition. They were each dismissed as named defendants. *See* Order, J. Atwood (Aug. 16, 2001); Order, J. Marden (December 11, 2001). Thus, the only defendant is Inhabitants of the Town of Bristol.

Wotton's the application to construct a new pier; on December 1, 2000, the CEO issued a new building permit to Wotton.

Plaintiffs received no notice of Wotton's permit applications or of any hearings conducted by the Planning Board. Plaintiffs attended the March 1, 2001 Planning Board Meeting, and were informed that the Planning Board had delegated its authority to the CEO to issue a permit to Wotton after the required materials had been submitted.

Plaintiffs appealed to the Town of Bristol Board of Appeals ("Board of Appeals"), claiming that the Planning Board's delegation to the CEO was an improper delegation of its authority. The Board of Appeals denied Plaintiffs' appeal on the basis that it was untimely.

Plaintiffs then brought their original action: an 80B Petition asserting that the Planning Board made an improper delegation of authority, that the Planning Board failed to follow notice requirements, and asserting that Plaintiffs timely appealed to the Board of Appeals. The Petition included independent claims alleging violation of due process. *Id.*

This court remanded to the Board of Appeals for that body to determine if there was good cause for Plaintiffs' untimely 80B Petition. The Board of Appeals determined there was no good cause. Plaintiffs then filed an amended 80B Petition with the Superior Court, adding a count appealing the Board of Appeals' determination of no good cause.

This court denied Plaintiffs' 80B Petition, but did not rule on Plaintiffs' independent due process claims. Before the court is Plaintiffs' motion to amend the petition to include an additional claim of violation of 38 M.R.S.A. § 1022 (regarding notice requirements for construction of a pier), and Defendant's motion for summary judgment.

2

"Whether to allow a pleading amendment rests with the court's sound discretion." *Kelly v. Michaud's Ins. Agency, Inc.*, 651 A.2d 345, 347 (Me. 1994) (*citing Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 616 (Me. 1992)). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires"; this mandate means that if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice. *See id.* (*citing John W. Goodwin, Inc. v. Fox*, 642 A.2d 1339, 1340 (Me. 1994)(*quoting Diversified Foods, Inc.*, 605 A.2d at 616). The passage of time is not, in and of itself, a ground to deny a motion to amend the pleadings. *See Mutual Fire Ins. Co. v. Richardson*, 640 A.2d 205, 207 (Me. 1994). A refusal to grant a plaintiff a second opportunity to amend his complaint when there is no evidence of bad faith, undue delay, dilatory motive, or futility of amendment... was deemed an abuse of discretion. *Barkley v. Goodwill Home Assoc.*, 495 A.2d 1238, 1240 n.1 (Me. 1985).

Here, Plaintiffs move to amend the complaint to add a fifth count, for violation of 38 M.R.S.A. § 1022 (this statute establishes the procedure for an applicant and a municipality to give public notice of the proposed construction of a wharf, fish weir, or trap).[2]

Defendant opposes the motion, arguing that the statute of limitations of § 1022 and M.R. Civ. P. 80B prohibit Plaintiffs from alleging a violation of 38 M.R.S.A. § 1022. Defendant argues that Plaintiffs' motion should be denied for undue delay and undue prejudice to Defendant (should it be required to defend itself from this claim).

Title 38 M.R.S.A. § 1022 provides in pertinent part,

---

[2] Plaintiffs submit this motion to amend two days after expiration of the time to move to amend the pleadings, pursuant to the January 8, 2003 Scheduling Order.

> Upon receiving an application, the officers shall give at least 3 days' public notice of the application in a newspaper... and shall designate in the notice a day and time on which they or their designee will meet... to examine the [premises] and hear all parties interested... The municipal officers shall, within 10 days after the date of hearing, give written notice by mail of their decision to all parties interested. Any person aggrieved by the decision of the municipal officers, in either granting or refusing to grant a license as provided, may appeal to the Superior Court within 10 days after the mailing of such notice.

*See* 38 M.R.S.A. § 1022. However, as Defendant concedes in its memo, the time limitation of section 1022 does not apply because Defendant failed to provide notice of any form.

The proper method of appealing a municipality's actions is by filing an 80B Petition. Rule 80B provides that, in the case of failure of a municipality to act (here, Defendant's failure to provide notice and conduct a hearing), a plaintiff must appeal within six months after "expiration of the time in which the action should reasonably have occurred." *See* M.R. Civ. P. 80B(b). Therefore, Plaintiffs are precluded from bringing a count for violation of 38 M.R.S.A. § 1022 because it is more than six months past December 31, 2000 (the motion to amend was filed March 10, 2003).[3]

A summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to

---

[3] At oral argument, Plaintiffs argued that under the provisions of M.R. Civ. P. 15(c) they were entitled to a relation back of the amendment such as to effectively amend the complaint at date of filing. The Defendant suggests that the rule does not allow relation back where the statute of limitations has run because this court has no jurisdiction over a matter presented to it beyond the time period allowed by statute. The court is not sympathetic to the argument of the Town of Bristol that it would be unduly prejudiced by having to defend a claim at this late date but is satisfied that the rule does not provide for a relation back under these circumstances. The town may well have violated the law in authorizing the CEO to grant the permit to build a pier. That prejudice to the Plaintiffs certainly exceeds any prejudice to the town. This matter is decided solely on the law.

4

affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). "The party having a burden of proof at trial is 'required to produce evidence sufficient to resist a motion for a [judgment as a matter of law] if it produced at trial nothing more than was before the court on its motion for a summary judgment.'" *Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995) (*quoting Keyes Fibre Co. v. Lamarre*, 617 A.2d 213, 214 (Me. 1992)).

Defendant moves for summary judgment on the due process claim in Count II. That is the only present remaining claim subject to plaintiffs' motion to amend.[4] Specifically, Count II claims that Defendant's failure to provide Plaintiffs with proper notice of the application and of relevant hearings constitutes violation of due process. Defendant asserts it is entitled to summary judgment on Count II because Plaintiffs have no 14th Amendment property interest in notification of their neighbor's application for a Shoreland Zoning Permit, prior to issuance of the permit. Defendant also alleges it is entitled to summary judgment on Count II because municipal and state remedies

---

[4] The parties agree that Counts III, and IV were disposed of by this court's remand to the Board of Appeals for a determination of whether Plaintiffs had good cause for not appealing the permit within the time constraints of the Ordinance and of Rule 80B; subsequently, this court affirmed the Board of Appeals determination. The parties seem to dispute whether the Board of Appeals' hearing for good cause and this court's denial of review of the 80B Petition disposed of Count I. Count I, alleging that the Planning Board's delegation of authority to the CEO to issue Wotton's permit was an improper delegation of authority and therefore an "error of law, abuse of discretion, and not based on substantial evidence" (the standard for an 80B Petition), was part of the 80B Petition. This court's denial of the Rule 80B Petition disposed of Count I as well. The only remaining count is Count II.

provided any process that was due, and because Plaintiffs fail to generate any evidence that Defendant proximately caused their alleged damages.

Plaintiffs oppose the motion, arguing there is a legitimate property interest at stake and that no post-deprivation remedy was adequate in this case.

There are no genuine issues of fact.

The requirements of due process apply only to the deprivation of interests encompassed by the Fourteenth's Amendment's protection of liberty and property. *See Lowe v. Scott*, 959 F.2d 323, 334 (1st Cir. 1992)(*citing Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, (1972). Property interests are not defined by the Constitution, but are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. *Id.* "It is essential to a party's right to procedural due process that he be given notice of and an opportunity to be heard at any proceeding in which [his] property rights are at stake." *Hamill v. Bay Bridge Assoc.*, 1998 ME 181, ¶ 5, 714 A.2d 829, 831 (*quoting Senty v. Board of Osteopathic Examination & Registration*, 594 A.2d 1068, 1072 (Me. 1991)); *see also In Re Christmas C.*, 1998 ME 258, ¶ 5, 714 A.2d 629, 631 ("the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right which the particular pertinent constitutional provision purports to protect") (*quoting In Re Alexander D.*, 1998 ME 207, ¶ 13, 716 A.2d 222). "Although specific requirements of due process may vary according to circumstances, at a minimum, notice must be afforded at a meaningful time in the proceedings." *Hamill*, ¶ 5, 714 A.2d at 831 (citation omitted).

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pending action and afford them a

reasonable opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)(citations omitted.

The central focus in analyzing a due process claim is whether state law remedies are available to prevent a deprivation of life, liberty, or property from becoming a deprivation without due process. *See Jackson v. Inhab. of Town of Searsport*, 456 A.2d 852, 858-859 (Me. 1983)(citations omitted). In *Jackson*, the plaintiff alleged that the Town's failure to follow procedures for processing his general assistance application constituted a due process violation. A state statute exists to create a remedy for any person whose application is not acted upon within the statutory timeframe; the court found that the Town plainly violated state law in this regard. *Id.* at 853 n.2, 3. The Maine Supreme Judicial Court affirmed dismissal of plaintiff's claim, specifying "even if a legitimate property interest were involved, our state procedure available to, and indeed invoked by, the plaintiff would satisfy due process requirements of the Fourteenth Amendment." *Id.* at 860. The court further explained that, if the plaintiff was deprived of any "property," it was "in the derogation of – and not according to – established procedure." *Id.* at 859. "Where a state has provided reasonable remedies to rectify a legal error by a local administrative body, … due process has been provided." *PFZ Properties, Inc. v. Rodriguez*, 928 F.2d 28, 31 (1st Cir. 1991)(*quoting Creative Envir. v. Estabrook*, 680 F.2d 822, 832 n.9, cert. Denied, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982)).

In the case at bar, it is undisputed that Defendant gave no notice of any kind, in violation of state notice requirements. Title 38 M.R.S.A. § 1022 provides that, upon receipt of an application to construct a wharf,

> …town officers shall give at least 3 days' public notice of the application in a newspaper, published in the town, or, if there is no newspaper published in the town, in a newspaper published within the county, and

7

shall designate in the notice a day and time on which they or their designee will meet on or near the premises described, to examine the same and hear all parties interested... The municipal officers shall, within 10 days after the date of hearing, give written notice by mail of their decision to all parties interested. Any person aggrieved by the decision of the municipal officers, in either granting or refusing to grant a license as provided, may appeal to the Superior Court within 10 days after the mailing of such written notice.

38 M.R.S.A. § 1022. However, the state has provided adequate post-deprivation remedies to rectify a legal error by a local administrative body. *See PFZ Properties, Inc.*, 928 F.2d at 31. First, as § 1022 specifies, an aggrieved party may appeal a decision granting or denying approval to construct a wharf to the Superior Court. *See* 38 M.R.S.A. § 1022. Such appeal is properly made pursuant to M.R. Civ. P. 80B, which provides for review of governmental action. Under Rule 80B, in the event of a failure to act [by a government agency], review may be sought within 6 months after expiration of the time in which action should reasonably have occurred. *See* M.R. Civ. P. 80B(b).

There is no evidence that Plaintiffs were entitled to notice of the application filed to install rip rap as that appears to have come within the "permit by rule" provision of the law wherein the installation is deemed lawful provided the terms of the regulation are followed. However, pursuant to 38 M.R.S.A. § 1022, Plaintiffs were entitled to notice of the October 2000 application to construct a pier, ramp and bait house resulting in a permit issued December 1, 2000. Because Defendant failed to provide any notice , Plaintiffs had six months after the time notice should have been issued to bring their 80B petition. Plaintiffs filed their 80B petition on May 23, 2001, within six months of the permit issued in December of 2000. However, the Lincoln County Superior Court denied the Plaintiffs' 80B appeal by its Order docketed September 24, 2002.[5]

---

[5] Although the order addressed the issue of whether Plaintiffs had good cause for failing to file an 80B Petition in a timely manner (as opposed to the issue of notice), this court affirmed the finding that Plaintiffs were aware of (and

8

Therefore, because state law provides an adequate post-deprivation remedy for when a local administrative body commits a legal error, there was no due process violation in this case. Defendant is entitled to summary judgment as a matter of law.

For reasons stated herein, the entry will be:

Plaintiffs' Motion to Amend is DENIED; Defendant's Motion for Summary Judgment is GRANTED; judgment for the Defendant.

Dated: October____22____, 2003

Donald H. Marden
Justice, Superior Court

**Plaintiffs:**
Samuel G. Cohen, Esquire

**Defendants (Town of Bristol):**
Anne M. Carney, Esquire

---

thus had actual notice of) the construction of the pier and the issuance of the December 1, 2000 permit to Wotton on December 4, 2000, and that Plaintiffs were aware of construction as early as September 2000.