MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 145
Docket:        And-14-547
Submitted
 On Briefs:    September 28, 2015
Decided:       November 12, 2015

Panel:         ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

WELLS FARGO BANK, N.A.

v.

JEFFREY WHITE

JABAR, J.

[¶1]  After consenting in January 2014 to the entry of a foreclosure judgment in favor of Wells Fargo Bank, N.A., Jeffrey White moved in September 2014 for relief from that judgment.  Jeffrey now appeals from an order of the District Court (Lewiston, *Oram, J.*) denying his motion for relief.  Jeffrey argues that the court abused its discretion by denying relief pursuant to M.R. Civ. P. 60(b)(1) because, at the time that he consented to the judgment, he mistakenly believed that Wells Fargo possessed standing to foreclose.  Jeffrey also contends that the court erred by denying relief pursuant to M.R. Civ. P. 60(b)(4) because the judgment is void due to Wells Fargo's failure to prove the elements of standing.  We reject these contentions and affirm.

2

## I. BACKGROUND

[¶2] On July 13, 2011, Wells Fargo filed a foreclosure complaint against Jeffrey that alleged the following facts: On April 11, 2007, Jeffrey executed and delivered to Cornerstone Home Loans, LLC, (Cornerstone) a promissory note for $262,500. To secure the note, Jeffrey executed and delivered to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Cornerstone, a mortgage on real property located in Mechanic Falls. MERS thereafter assigned its interest in the mortgage to Wells Fargo. Wells Fargo's complaint did not allege, and its foreclosure mediation information did not include, evidence that Wells Fargo acquired any interest in Jeffrey's mortgage other than the interest that it obtained from MERS.

[¶3] Jeffrey filed a pro se answer to the complaint, asserting, inter alia, that Wells Fargo was not a holder of the note and therefore lacked standing to foreclose. In June 2013, an attorney entered an appearance for Jeffrey and represented Jeffrey throughout the remainder of the case. On January 29, 2014, based on an agreed-to judgment that was signed by the parties, the court entered a final judgment of foreclosure and sale that provided Jeffrey with an extended

180-day period of redemption.[1]  Jeffrey did not appeal, and his redemption period expired in July 2014.

[¶4]  On September 9, 2014, Jeffrey moved for relief from judgment pursuant to M.R. Civ. P. 60(b)(1) and (4).  As grounds for relief, Jeffrey alleged that Cornerstone had not assigned the mortgage to Wells Fargo and that Wells Fargo had not acquired ownership of the mortgage through its assignment from MERS.  He argued that relief was warranted pursuant to Rule 60(b)(1) because the parties had mistakenly believed that MERS's assignment gave Wells Fargo standing to foreclose, and asserted that the parties could not have realized their mistake until July 2014, when we issued our decision in *Bank of America, N.A. v. Greenleaf* (*Greenleaf I*), 2014 ME 89, 96 A.3d 700.  Jeffrey also argued that Wells Fargo's failure to establish standing deprived the court of jurisdiction, rendering the judgment void and justifying relief pursuant to Rule 60(b)(4).

[¶5]  In its objection to Jeffrey's motion, Wells Fargo asserted that neither party had been mistaken, and that Jeffrey had simply failed to anticipate the future course of the law.  Wells Fargo further contended that *Greenleaf I* had "imposed a new principle of law" and that retroactive application of that law would jeopardize the finality of an untold number of foreclosure judgments.  In reply, Jeffrey argued

---

[1]  *See* 14 M.R.S. § 6322 (2014) (providing a ninety-day period of redemption for mortgages executed on or after October 1, 1975).

4

that the parties could not have litigated Wells Fargo's standing before we issued *Greenleaf I*, and that res judicata was therefore inapplicable. He also argued that *Greenleaf I* should retroactively apply and render the judgment void because such application would ensure that Maine citizens were vulnerable to a foreclosure action brought only by a party with standing.

[¶6] After a hearing, the court entered an order denying Jeffrey's motion. The court determined that Jeffrey was not entitled to relief pursuant to Rule 60(b)(1) because the parties had not been mistaken about the facts or the law regarding standing when they agreed to the entry of judgment. The court found that Jeffrey had deliberately, and with the advice of counsel, decided not to contest Wells Fargo's standing, and concluded that Jeffrey was not entitled to relief from this deliberate decision. The court also determined that Jeffrey was not entitled to relief pursuant to Rule 60(b)(4), finding that Jeffrey had both a fair opportunity and a significant incentive to challenge Wells Fargo's standing, but failed to do so, and concluding that the need for finality outweighed the interest in recognizing a post-judgment attack on Wells Fargo's standing.

[¶7] Jeffrey timely appealed to us.

## II. DISCUSSION

A.  Rule 60(b)(1) — Mistake

[¶8]  "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect."  M.R. Civ. P. 60(b)(1).  When supported by competent evidence, the court's decision on a Rule 60(b)(1) motion is reviewable only for an abuse of discretion.  *Warren v. Waterville Urban Renewal Auth.*, 290 A.2d 362, 365 (Me. 1972).

[¶9]  Wells Fargo commenced foreclosure in July 2011, nearly a year after we determined that a mortgage's reference to MERS as a "nominee" for the lender provided no interest in the mortgage other than the right to record it, *see Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶¶ 9-10, 2 A.3d 289, and more than six months after we advised that a foreclosure defendant could challenge the plaintiff's standing if the plaintiff lacked ownership of the mortgage, *see JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 9, 10 A.3d 718.  When Wells Fargo filed its complaint, it claimed an interest in Jeffrey's mortgage solely through its assignment from MERS.  Jeffrey was not mistaken as to this fact and was represented by counsel who presumably was aware of *Saunders* and *Harp*.  Nevertheless, he did not challenge the adequacy of Wells Fargo's interest in his mortgage, but consented to the entry of judgment, and did not thereafter appeal.

On these facts, we discern no abuse of discretion in the court's decision to deny Jeffrey's Rule 60(b)(1) request.

B.    Rule 60(b)(4) — Void

[¶10]  On motion brought pursuant to M.R. Civ. P. 60(b)(4), "a court at any time may relieve a party from a judgment when that judgment is void." *Hamill v. Bay Bridge Assocs.*, 1998 ME 181, ¶ 4, 714 A.2d 829.  A motion brought pursuant to Rule 60(b)(4) is not subject to the discretion of the trial court.  *Id.*  "The challenged judgment is either valid or void.  If valid, the judgment stands; if void, it must be set aside." *Id.* (quotation marks omitted).

[¶11]  "There is a strong policy in favor of ending litigation and giving finality to court judgments." *Standish Tel. Co. v. Saco River Tel. & Tel. Co.*, 555 A.2d 478, 481 (Me. 1989).  "Balanced against that policy favoring finality is a requirement that a judgment, in order to become final, must be valid,"[2] *id.*, i.e.,

---

[2]  "The more recent trend in the law is to favor finality over an absolute requirement of validity." *Standish Tel. Co. v. Saco River Tel. & Tel. Co.*, 555 A.2d 478, 481 (Me. 1989).

> The tension between *finality* and *validity* of judgments . . . may be resolved by addressing the following factors as justification for relitigating issues [related to] subject matter jurisdiction: (1) whether the action of the court was a manifest abuse of authority (2) whether the action of the court substantially infringes upon the authority of another tribunal . . . (3) whether the original court lacked capability of making an informed determination of its jurisdiction and (4) whether procedural fairness dictates a belated raising of [an issue related to] subject matter jurisdiction.

*Northeast Bank N.A. v. Crochere*, 438 A.2d 266, 268 n.7 (Me. 1981).

entered by a court with jurisdiction over the parties and the subject matter, and the authority to utilize the process in question, *Warren*, 290 A.2d at 365.

[¶12]   The Vermont Supreme Court has long barred disappointed litigants from raising the issue of standing post-judgment, ruling that "[a] judgment is not void on standing or jurisdictional grounds when a party had a prior opportunity to contest on those grounds but failed to do so." *Donley v. Donley*, 686 A.2d 943, 945 (Vt. 1996); *see also Citibank, N.A. v. Mumley*, No. S1087-09 CnC, 2011 Vt. Super. LEXIS 79, at **5-9 (Vt. Super. Ct. Sept. 1, 2011) (denying foreclosure defendants' Rule 60(b)(4) motion raising the issue of standing, and ruling that the issue was barred from post-judgment attack).

[¶13]   Here, Jeffrey alleges that the court lacked jurisdiction over the case because Wells Fargo lacked standing to bring the action.  As we have recently reiterated, the issue of standing is an issue of justiciability, not jurisdiction. *Bank of Am., N.A. v. Greenleaf* (*Greenleaf II*), 2015 ME 127, ¶¶ 7-8, --- A.3d ---.  The District Court has jurisdiction over foreclosure actions, including Wells Fargo's action against Jeffrey.  *See* 14 M.R.S. § 6321 (2014).  By waiving the issue of standing and submitting a consented-to judgment to the court, Jeffrey asked the court to adjudicate the foreclosure action.  The court did not lack jurisdiction over the parties or the subject matter, did not adjudicate issues beyond the scope of those submitted for decision, and did not act in a manner inconsistent with due

process.  Jeffrey's assertion that the judgment is void is unpersuasive.  We discern no error in the court's decision to deny Jeffrey's request for relief pursuant to Rule 60(b)(4).

The entry is:

Judgment affirmed.

**On the briefs:**

Jeffrey White, appellant pro se

Daniella Massimilla, Esq., Litchfield Cavo, LLP, Lynnfield, Massachusetts, for appellee Wells Fargo Bank, N.A.

Lewiston District Court docket number RE-2011-159
FOR CLERK REFERENCE ONLY