**STATE OF MAINE**                                              **SUPERIOR COURT**

Cumberland, ss.

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 0 6 2017
2:27 p.m.
RECEIVED

**ROBERT McCONAGHY**

       **Plaintiff**

   v.                                                      **Docket No. CUMSC-CV-17-0188**

**RICHARD HARRIS**

       **Defendant**

### ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

Defendant's Motion for Relief From Judgment Pursuant to M.R. Civ. P. 60(b) is before the court, along with Plaintiff's opposition and Defendant's reply. The court elects to decide the motion without oral argument. *See* M.R. Civ. P. 7(b)(7).[1]

Plaintiff Robert McConaghy commenced this action to collect on a personal guarantee that he claims Defendant Richard Harris executed and delivered. Plaintiff's Complaint says that he purchased a $100,000 bond issued by Batcomb Plantation LLC, an entity controlled by Defendant and/or members of his family. Plaintiff says Defendant guaranteed performance and payment on the bond, and that Plaintiff is due more than $16,000 in past due interest payments. The alleged guarantee, titled Personal Guaranty, is attached as Exhibit A-1 to the Complaint, and includes the following provision:

> And furthermore, the Guarantor does hereby authorize and empower any attorney of any court of record of the State of Maine or elsewhere to

---

[1] The parties requested oral argument, but the court's schedule would likely require argument to be scheduled in August or later, and the court has elected in its discretion not to wait.

1

appear for and enter judgment against me, in favor of Robert McConaghy for any sums due under the Agreement plus interest with costs of suit, release of errors, without stay of execution, and the Guarantor hereby waives and releases all benefit and relief from any and all appraisement, stay or exemption laws of any state now in force or hereafter to be passed.

Personal Guaranty, Exhibit A-1 to Complaint.

Plaintiff did not commence this action by filing a complaint or serving a summons and complaint, as required by M.R. Civ. P. 3. Instead, he commenced it by filing a document titled Ex Parte Motion for Judgment to Enforce Personal Guaranty of Richard Harris. The first page of the document bears a docket stamp for May 1, 2017, but the clerk declined to enter the document on the docket on that date without a complaint and returned it.

On May 5, 2017, Plaintiff filed a complaint and again filed the Ex Parte Motion for Judgment, which was stamped and docketed on that date. The Motion was granted ex parte and the proposed Judgment was signed by a judge on May 11, 2017. The court file contains a writ of execution dated May 16, 2017, and Plaintiff has scheduled a disclosure hearing.

Defendant first learned of this action when he was served with a disclosure subpoena.

Defendant's Motion for Relief from Judgment asserts that the judgment is void because he was never served with the Complaint or the Ex Parte Motion for Judgment. Rule 60(b)(4) of the Maine Rules of Civil Procedure permits a party to move to set aside a judgment on the ground that the judgment is void.

2

"[A] party may move to set aside a judgment for voidness under Rule 60(b)(4) if the court which rendered it lacks jurisdiction of the parties or the subject matter, adjudicates issues beyond the scope of those submitted for decision, or acts in a manner inconsistent with due process." *Land Use Regulation Comm'n v. Tuck*, 490 A.2d 649, 652 (Me. 1985).

The Personal Guaranty in this case authorized Plaintiff, through an attorney, to obtain judgment for the amount due, but it did not authorize Plaintiff to obtain judgment without affording the Defendant the right to be heard on the amount due and, if challenged, the validity of the Personal Guaranty. "It is essential to a party's right to procedural due process that he be given notice of and an opportunity to be heard at any proceeding in which such property rights are at stake." *Senty v. Board of Osteopathic Examination & Registration*, 594 A.2d 1068, 1072 (Me. 1991).

Defendant's right to procedural due process includes the right to contest Plaintiff's claim. *See Hamill v. Bay Bridge Associates*, 1998 ME 181, ¶¶4-5, 714 A.2d 829 ("Because Bay Bridge was not given the opportunity to challenge the validity of the stipulation before it was adopted by the court, its right to procedural due process was denied and the resulting judgment is void"). Indeed, the Defendant's Motion for Relief asserts that the obligation secured by the Personal Guaranty has been satisfied, meaning nothing is due under the Personal Guaranty.

There is no authority in the Maine Rules of Civil Procedure and applicable statutes for a motions for entry of judgment to be filed ex parte, and indeed Plaintiff's Ex Parte Motion does not cite any authority.

IT IS ORDERED:

1. Defendant's Motion for Relief from Judgment Pursuant to M.R. Civ. P. 60(b) is hereby granted.

2. The Judgment dated and docketed May 11, 2017 is hereby vacated and set aside.

3. Plaintiff's deadline to serve the Complaint is extended to August 15, 2017.

4. Both parties' requests for attorney fees are denied, without prejudice.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated July 6, 2017

_____
A. M. Horton, Justice

JAMES AUDIFFRED, ESQ
LAW OFFICE OF JAMES L AUDIFFRED
PO BOX 1005
SACO, ME 04072

BENJAMIN DONAHUE, ESQ
HALLETT ZERILLO & WHIPPLE PA
PO BOX 7508
PORTLAND, ME 04112-7508