MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 10
Docket:        Han-14-534
Submitted
 On Briefs:    September 28, 2015
Decided:       January 14, 2016

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT, INC. ASSET-BACKED
CERTIFICATES, SERIES 2003-15T2

v.

JOHN B. DYER et al.

PER CURIAM

[¶1]   John B. Dyer appeals from an order entered by the District Court (Ellsworth, *Mallonee, J.*) dismissing The Bank of New York's complaint, in which the Bank sought to foreclose on Dyer's real property in Bar Harbor, after the Bank acknowledged that it could not prove that it had the requisite standing to pursue its claim.  Dyer contends that the court erred in dismissing the complaint without prejudice, and in declining to award him his full attorney fees and costs. We affirm the order.

## I.  BACKGROUND

[¶2]   On May 29, 2003, Dyer gave a $997,000 promissory note and a mortgage on property in Bar Harbor securing the note to Countrywide Home

Loans, Inc. The mortgage contained language naming Mortgage Electronic Registration Systems, Inc. (MERS) as lender's nominee—language that we found to be problematic in *Bank of America, N.A. v. Greenleaf* (*Greenleaf I*), 2014 ME 89, ¶ 13-15, 96 A.3d 700.

[¶3] In July 2008, the Bank filed a complaint for foreclosure in the District Court, asserting that Dyer had stopped making payments on the note as of June 2007, and that he then owed the Bank $1,014,869.91. The Bank's motion for summary judgment and Dyer's cross-motion for summary judgment were denied, as was the Bank's second motion for summary judgment.

[¶4] The case proceeded to trial on three separate days:

- January 4, 2013 (*Mallonee, J.*): The Bank was unable to produce the original note, and, given the limited knowledge of the Bank's witness, the court sustained Dyer's objection to the admission of a copy. The court took the Bank's motion for a continuance under advisement. Dyer objected and asked for a dismissal with prejudice. On January 11, the court granted the continuance, but as a sanction it ordered the Bank to pay Dyer's costs and attorney fees for the first day of the trial in the amount of $4,090.61.

- October 11, 2013 (*D. Mitchell, J.*): Because of judicial scheduling issues, a different judge presided at the second day of the trial. After the Bank's witness was sworn but before testimony began, the Bank moved to amend its complaint to add Countrywide Home Loans as a party-in-interest; Dyer objected. The court then continued the trial on its own motion. The motion to amend was later granted.

- November 20, 2014 (*Mallonee, J.*): On September 22, 2014, two months before the third day of the trial, the Bank filed a motion to dismiss its complaint without prejudice on the ground that

the subject mortgage appears to fall under the scope of the Supreme Judicial Court's recent decision in [*Greenleaf I*]. . . . [U]nder the present time constraints of proceeding forward to trial in this case, and notwithstanding Plaintiff's counsel['s] efforts, Plaintiff maintains that it will not be able to gather the additional witness testimony and evidence needed prior to trial to establish standing to foreclose.

Dyer filed a lengthy written objection requesting that (1) any dismissal be with prejudice, and (2) he be awarded his attorney fees and costs.

At the outset of the third day of trial, the parties argued the motion to dismiss. The Bank acknowledged that "at this point in time we are unable to establish that we have [] standing." The court took the motion to dismiss under advisement.

[¶5] Subsequently, by written order, the court granted the Bank's motion to dismiss without prejudice and declined to award additional attorney fees or costs.[1]

Dyer appealed.

## II. DISCUSSION

[¶6] Dyer asserts that after three attempts at a trial "the District Court . . . has granted [the Bank] a million dollar mulligan when its inability to perfect a foreclosure is the result of its own substantive and evidentiary shortcomings." We review the dismissal without prejudice for an abuse of discretion. *See U.S. Bank Nat'l Ass'n v. Manning*, 2014 ME 96, ¶ 12, 97 A.3d 605.

---

[1] We review the court's determination that awarding Dyer his first-day costs and attorney fees was sufficient for an abuse of discretion. *Jandreau v. LaChance*, 2015 ME 66, ¶ 29, 116 A.3d 1273. Finding none, we do not discuss further Dyer's contention that he should have been awarded additional sums.

4

[¶7]  The briefs in this appeal were filed before we issued our opinions in three recent foreclosure cases: *Homeward Residential, Inc. v. Gregor*, 2015 ME 108, 122 A.3d 947; *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, 123 A.3d 216; and *Bank of America, N.A. v. Greenleaf (Greenleaf II)*, 2015 ME 127, 124 A.3d 1122.  Each of those decisions addressed the distinction between standing and jurisdiction, and, in *Gregor* and *Greenleaf II*, the proper result when a party seeking to foreclose cannot establish standing.

[¶8]  In *Girouard*, we took note of

> the predicate requirement that a putative mortgagee establish standing, which is a demonstration that that party holds the rights necessary to get through the courthouse door and pursue the claim in the first place. . . . [A] party's lack of standing is not a jurisdictional problem, but rather it is an issue of justiciability that precludes a party from *invoking* the court's jurisdiction.

2015 ME 116, ¶ 8 n.3, 123 A.3d 216.

[¶9]  *Gregor* indicated the consequence of a foreclosure plaintiff's lack of standing:

> [T]he record wholly supports the court's determination that [the plaintiff] failed to demonstrate that [it] had standing to maintain the foreclosure action.  Although the court maintained jurisdiction over the parties and subject matter, it could not decide the merits of the case when the plaintiff lacked standing pursuant to [14 M.R.S.] section 6321.  Instead, the court could only dismiss the action.  Because the court addressed the merits of the complaint for foreclosure in its judgment, we vacate the judgment in its entirety and remand for an entry of a dismissal without prejudice.

2015 ME 108, ¶¶ 23-24, 122 A.3d 947 (citation omitted).

[¶10]  Finally, *Greenleaf II* confirmed that when a plaintiff lacks standing, although the court retains jurisdiction, dismissal of the complaint without prejudice is the proper result:

> Because standing is a threshold concept dealing with the necessity for the invocation of the court's power to decide true disputes, it is an issue cognizable at any stage of a legal proceeding, even after a completed trial.  When discovered, a standing defect does not affect, let alone destroy, the court's authority to decide disputes that fall within its subject matter jurisdiction.  A plaintiff's lack of standing renders that plaintiff's complaint nonjusticiable—i.e., incapable of judicial resolution.
>
> Here, the court could not have entered a judgment . . . addressing the merits of the Bank's foreclosure claim because the Bank failed to show the minimum interest that is a predicate to bringing that claim in the first place.  Under these circumstances, the court properly disposed of the case by entering a dismissal without prejudice.

2015 ME 127, ¶¶ 8-9, 124 A.3d 1122 (alteration, citations, and quotation marks omitted).

[¶11]  The logic of the *Greenleaf II* holding is evident when applied in this case.  A dismissal with prejudice "operate[s] as an adjudication on the merits." *Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 8, 704 A.2d 866 (quotation marks omitted).  Because there is no dispute that the Bank lacked standing and therefore never had "the rights necessary to get through the courthouse door and pursue [its] claim in the first place," *Girouard*, 2015 ME 116, ¶ 8 n.3,

123 A.3d 216, the trial court's power to make any adjudication on the merits of that claim, including a dismissal with prejudice, was not invoked. Accordingly, a dismissal without prejudice, which disposed of the case without exploring its merits, was the required result.

The entry is:

> Order of dismissal without prejudice affirmed.

---

**On the briefs:**

George J. Marcus, Esq., Jennie L. Clegg, Esq., and Andrew C. Helman, Esq., Marcus, Clegg & Mistretta, P.A., Portland, for appellants John B. Dyer and William Purcell

David W. Merritt, Esq., Houser & Allison, APC, Boston, Massachusetts, for appellee The Bank of New York

Ellsworth District Court docket number RE-2008-120
For Clerk Reference Only