MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:     2016 ME 17
Docket:       Sag-14-464
Argued:       November 4, 2015
Decided:      January 21, 2016

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4

v.

CHRISTOPHER J. CURIT et al.


HUMPHREY, J.

[¶1]   This appeal, another in a line of foreclosure cases in which the purported mortgagee lacks standing, presents us with challenges to the trial court's initial judgment of dismissal with prejudice and its authority, pending this appeal, to change that outcome to a dismissal without prejudice.   We conclude that the court reached a result that is correct but erred in the process used to achieve that result.

[¶2]   U.S. Bank[1] filed a motion to dismiss its own foreclosure complaint, without   prejudice,   because   it   lacked   standing,   and   the   District   Court

---

[1]   The complete designation of U.S. Bank in this case and in the mortgage, which is the subject of this foreclosure action, is "U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2005-4."

(West Bath, *Field, J.*) granted the motion but dismissed the action *with* prejudice. M.R. Civ. P. 41(a)(2). The bank appealed that decision. While its appeal was pending, the bank filed with the trial court a motion to correct or modify the record, pursuant to M.R. App. P. 5(e). It asked the court to supplement the record on appeal to reflect the court's intention, expressed on the record during the hearing on its motion to dismiss but not recited in the judgment, to allow the bank to re-file a foreclosure action in the event of a future default if standing issues are resolved. After a hearing on the bank's Rule 5(e) motion, the court issued an order changing the judgment of dismissal with prejudice to a dismissal *without* prejudice. Christopher and Karen Curit, the mortgagors, cross-appeal from that order.

[¶3] Although the court correctly recognized that it erred when it dismissed U.S. Bank's action *with* prejudice, and that a dismissal *without* prejudice was the proper result, it erred as a matter of law in the process used to achieve that result. Accordingly, we vacate the judgments of dismissal with and without prejudice and remand with instruction to dismiss U.S. Bank's action without prejudice.

## I. BACKGROUND

[¶4] The Curits executed a promissory note for the purchase of real property in Freeport, Maine, in July 2005. The property was secured by a mortgage that identified Aegis Lending Corporation as the "Lender" and Mortgage Electronic Registration Systems, Inc. ("MERS") as the "nominee for Lender and Lender's

successors and assigns" for the purpose of recording the mortgage. On August 23, 2007, MERS purported to assign the mortgage to U.S. Bank. On September 1, 2012, the Curits defaulted on the mortgage.

[¶5] On March 13, 2013, the bank filed a complaint for foreclosure pursuant to 14 M.R.S. § 6321 (2013). [2] The trial was originally scheduled for August 13, 2014, but on July 23, 2014, following our decision in *Bank of America, N.A. v. Greenleaf* (*Greenleaf I*), 2014 ME 89, 96 A.3d 700, the bank filed an "emergency motion" to continue the bench trial. The court (*Dobson, J.*) granted the motion and rescheduled the trial for October 14, 2014. A week before the trial, the bank filed an "emergency motion" to voluntarily dismiss the foreclosure action without prejudice, pursuant to M.R. Civ. P. 41(a)(2),[3] on the ground that it did "not wish to prosecute without further review as to the impact of the *Greenleaf* decision."

[¶6] On October 14, 2014, the court (*Field, J.*) held a hearing on the bank's motion to dismiss. The bank argued that it could not proceed with the foreclosure because it did not have a mortgage assignment from the original lender, which had

[2]  This statute has since been amended to require that a "complaint must contain a certification of proof of ownership of the mortgage note." *See* P.L. 2015, ch. 229, § 1 (effective Oct. 15, 2015) (codified at 14 M.R.S. § 6321 (2015)).

[3]  Maine Rule of Civil Procedure 41(a)(2) provides, in relevant part, that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

4

filed for bankruptcy over four years prior, and thus it did not have standing to pursue the action. The Curits argued that the motion should be dismissed *with* prejudice so that they could be awarded attorney fees pursuant to 14 M.R.S. § 6101 (2015). The bank countered that it preferred a dismissal *without* prejudice so there would be no bar to re-filing a foreclosure action. The court stated that a dismissal with prejudice "doesn't mean [the bank] can't come back. It just means they have to file a new notice to quit signed by someone who has the authority to sign it and then, start again." Finding no "significant difference one way or the other," the court granted the bank's motion, but dismissed the case *with* prejudice. During the motion hearing, the court indicated on the record that it intended to allow the bank to re-file a foreclosure complaint in the event of a future default if the standing issue was resolved; however, the court did not include this statement in its written decision. The bank filed a timely notice of appeal on October 31, 2014. *See* 14 M.R.S. § 1901 (2015); M.R. App. P. 2.

[¶7] On January 7, 2015, while the bank's appeal was pending before us, the bank filed with the trial court a motion to correct or modify the record on appeal, pursuant to M.R. App. P. 5(e), asserting that the court unintentionally omitted from its judgment of dismissal "with prejudice" language indicating an intention to allow the bank to re-file. At the motion hearing on February 11, 2015, the bank argued that, pursuant to our decision in *Johnson v. Sampson Construction*

*Corp.*, 1997 ME 220, ¶ 8, 704 A.2d 866, a dismissal with prejudice of a foreclosure action on an accelerated debt barred a later action and was res judicata as to the entire debt.

[¶8]  On February 13, 2015, the court issued a "correction of the record" order, stating that there was a discrepancy between what the court "enunciated on the record as its finding and the end result."  The court acknowledged that it was "unaware of the teachings of Johnson v. Sampson Construction Company" and thus was unaware that a dismissal with prejudice would bar all future action on the note.  The court ordered that "the record be corrected to note that the dismissal of Plaintiff's action on 14 October, 2014 is WITHOUT PREJUDICE."  The Curits timely cross-appealed from this order.  *See* 14 M.R.S. § 1901; M.R. App. P. 2.

## II.  DISCUSSION

A.    The Bank's Appeal from Initial Dismissal *With* Prejudice

[¶9]  While this lawsuit was pending, the bank filed a motion to dismiss the action without prejudice because it had not yet been able to reach behind MERS and acquire an assignment of the mortgage from the original lender, and thus recognized that it did not have standing to bring this action against the Curits.[4]  On

---

[4]  Since 2010, we have made clear that MERS, as "nominee" for the lender for the purpose of recording the mortgage, does not have any enforceable right in the debt that secures the mortgage and thus cannot foreclose upon the mortgage, *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶¶ 15, 26, 2 A.3d 289; MERS can only assign the right to record the mortgage and cannot assign

6

appeal, the bank argues that the trial court abused its discretion when it granted the motion, but dismissed the action *with* prejudice, because the court did not understand the law applicable to the exercise of its discretion, as demonstrated by the court's admission that it was "unaware of the teachings" of *Johnson v. Sampson Construction Corp. See State v. Bickart*, 2009 ME 7, ¶ 15, 963 A.2d 183.

[¶10] Ordinarily, we review a court's dismissal of an action with prejudice for abuse of discretion. *U.S. Bank Nat'l Ass'n v. Manning*, 2014 ME 96, ¶ 12, 97 A.3d 605. Here, however, we need not conduct this analysis. The trial court did not have the discretion to dismiss the action with prejudice because the bank had not received an assignment from the original lender, and a court may not rule on the merits of a claim if the plaintiff does not have standing to bring the complaint.[5] *See Bank of Am., N.A. v. Greenleaf* (*Greenleaf II*), 2015 ME 127, ¶¶ 8-9, 124 A.3d 1122 (stating that a plaintiff's lack of standing renders that

---

ownership of the mortgage, *Bank of Am., N.A. v. Greenleaf* (*Greenleaf I*), 2014 ME 89, ¶¶ 15-17, 96 A.3d 700.

[5] This case is distinguishable from *Wells Fargo Bank, N.A. v. White*, 2015 ME 145, --- A.3d ---, in which the trial court entered a final judgment of foreclosure and sale based on an agreed-to judgment between the bank and White, the defendant-mortgagor. White later challenged the judgment in a collateral attack, arguing that Wells Fargo did not have standing, and thus the judgment was void. *Id.* ¶ 4. Favoring finality of the judgment in the particular circumstances of that case, we affirmed the trial court's denial of White's motion for relief from judgment because White did not challenge the adequacy of Wells Fargo's interest in the mortgage, consented in writing to the entry of the judgment, and did not thereafter appeal. *Id.* ¶¶ 9-13. Here, the bank recognized its lack of standing, did not consent to the court's adjudication on the merits, and timely appealed from the judgment dismissing its case with prejudice.

plaintiff's complaint nonjusticiable); *Johnson*, 1997 ME 220, ¶ 8, 704 A.2d 866 (explaining that a dismissal of an action with prejudice is an adjudication on the merits of a claim); *see also Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947 (stating that if the plaintiff does not have standing to proceed in a foreclosure action, the court can dismiss the action only without prejudice). The trial court demonstrated an implicit understanding of these principles when it attempted to correct the outcome with its subsequent judgment of dismissal without prejudice.

B.     Curits' Cross-Appeal from Subsequent Dismissal *Without* Prejudice

[¶11]  In apparent recognition that the court could not modify its judgment pending appeal, the bank's draft order on its motion to correct or amend the record, pursuant to M.R. App. P. 5(e), requested that the trial court "correct" its order to dismiss the action "with prejudice but with leave to refile."  On appeal, the Curits argue that the court misapplied the appellate rule and erred as a matter of law when it granted the motion and issued its "correction of the record" order changing the dismissal designation from "with prejudice" to "without prejudice."  We review the interpretation of a court rule de novo.  *Brown v. Habrle*, 2006 ME 115, ¶ 7, 908 A.2d 640.

[¶12]  Trial courts may take no further action in civil cases pending the disposition of an appeal to us, except as provided in, inter alia, M.R. App. P. 5(e),

8

which permits a trial court to "supplement the record to correct [an] omission or misstatement" if any "difference arises as to whether the record on appeal truly discloses what occurred in the trial court or if anything material to either party is omitted from the record on appeal." M.R. App. P. 3(b), 5(e).[6]

[¶13] Cases examining Rule 5(e), its predecessors, M.R. Civ. P. 74(e) and 76F(b), and the analogous federal rule, Fed. R. App. P. 10(e), illustrate that the purpose of such a rule is to ensure that the record accurately reflects events that occurred during the hearing or trial, "not to provide an opportunity for retroactive alteration of those events." 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3956.4 (4th ed. 2008); *see Estate of Everett*, 460 A.2d 1026, 1029 (Me. 1983) (stating that Rule 74(e) "is intended to provide a mechanism for rectification of a properly settled record"); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 134 (5th Cir. 1983) (holding that the district court was deprived of jurisdiction to amend its order adding interest to an award after the notice of appeal had been filed); *United States v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981) ("New

---

[6] The full text of M.R. App. P. 5(e) is as follows:

**Correction or Modification of Record.** If any difference arises as to whether the record on appeal truly discloses what occurred in the trial court or if anything material to either party is omitted from the record on appeal, the trial court may on motion or suggestion, after appropriate notice to the parties, supplement the record to correct the omission or misstatement, or the Law Court may on motion or suggestion direct that a supplemental record be transmitted by the trial court clerk. All other questions as to the content and form of the record shall be presented to the Law Court.

proceedings of a substantive nature, designed to supply what might have been done but was not, are beyond the reach of the rule."); *cf. Hickson v. Vescom Corp.*, 2014 ME 27, ¶ 12, 87 A.3d 704 (permitting the parties to supplement the record due to electronic recording/transcription inadequacies, pursuant to M.R. App. P. 5(e)); *Tisdale v. Rawson*, 2003 ME 68, ¶ 14, 822 A.2d 1136 (disallowing the admission of new evidence because it "was not entered to correct an omission, misstatement, or other mistake affecting the record," pursuant to former M.R. Civ. P. 76F(b)); *Popanz v. Peregrine Corp.*, 1998 ME 95, ¶ 7 n.4, 710 A.2d 250 (disallowing the addition of an entire document when only a section was part of the record, pursuant to former M.R. Civ. P. 74(e)); *Hayford v. Chesebrough Ponds, Inc.*, 447 A.2d 480, 481 n.2 (Me. 1982) (stating that former M.R. Civ. P. 74(e) was the proper rule under which to correct a clerical error). Accordingly, Rule 5(e), which is directed to the correction or modification of the trial court record, is not an appropriate mechanism for effectuating substantive changes in the record or judgment during the pendency of an appeal.

[¶14] The court's order on the bank's motion to correct or modify was the functional equivalent of a substantive change, not a correction, of the court's judgment because it converted a judgment that fully adjudicated the claim, *see Johnson*, 1997 ME 220, ¶ 8, 704 A.2d 866, to a dismissal of the action without

10

addressing the merits.[7]  Additionally, this error was not harmless because it substantially affected the rights of the parties.  *See* M.R. Civ. P. 61.  Rule 5(e) was not the appropriate avenue to accomplish such a result.  Other means, if timely sought, were available to the bank.  The bank could have filed, for example, a motion to alter or amend the judgment pursuant to M.R. Civ. P. 59(e), or a motion to permit the District Court to act while the appeal is pending, M.R. App. P. 14(c) (permitting suspension of the requirements or provisions of the appellate rules), along with a motion for relief from judgment pursuant to M.R. Civ. P. 60(b).  However, the bank did not timely avail itself of these procedures.[8]

[¶15]  The rules of civil and appellate procedure have a purpose and, while they should not be construed or applied in a way that defeats the ends of justice or does no more than promote form over substance,[9] we must enforce them in a consistent manner rather than engaging in case-specific deviations that create

---

[7]  In its Rule 5(e) motion and arguments at the hearing, the bank did not object to the court's initial entry of dismissal with prejudice.  It was only concerned that the written decision did not include any reference to the court's remarks on the record that it would allow the bank to re-file a foreclosure action in the event of a future default.  However, the inclusion of those remarks would not have cured the legal infirmity of the initial dismissal with prejudice.  *See Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947.

[8]  The bank did file a motion to amend the judgment in the trial court, pursuant to M.R. Civ. P. 59(e), on October 31, 2014, but it was untimely and not considered by the trial court.

[9]  *See* M.R. Civ. P. 1 (stating that the Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action"); and M.R. App. P. 1 (stating that the Rules of Appellate Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every appeal").

confusion about their applicability. Although the trial court correctly determined that the bank's action should have been dismissed without prejudice, the court did not have the authority, once the appeal had been filed, to change the substance of its original judgment. Accordingly, we conclude that the court erred as a matter of law in issuing its "correction of the record" order.

[¶16] Because the trial court erred in dismissing the bank's action with prejudice and did not have authority, pending this appeal, to change that outcome to a dismissal without prejudice, we vacate both judgments and remand to the trial court with instruction to dismiss the bank's foreclosure action without prejudice.[10]

The entry is:

> Judgment of dismissal with prejudice and subsequent judgment of dismissal without prejudice are vacated. Remanded for the entry of judgment of dismissal without prejudice.

---

[10] Because we vacate both of the trial court's judgments of dismissal and remand for the entry of dismissal without prejudice, we need not reach the Curits' argument that the court abused its discretion by failing to award attorney fees to the Curits as the "prevailing party."

**On the briefs:**

      David W. Merritt, Esq., and Andrew C. Feldman, Esq., Houser & Allison, APC, Boston, Massachusetts, for appellant U.S. Bank National Association

      Joshua Klein-Golden, Esq., Clifford & Golden, PA, Lisbon Falls, for cross-appellants Christopher and Karen Curit

**At oral argument:**

      Andrew C. Feldman, Esq., for appellant U.S. Bank National Association

      Joshua Klein-Golden, Esq., for cross-appellants Christopher and Karen Curit

West Bath District Court docket number RE-2013-29
FOR CLERK REFERENCE ONLY