STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        Docket No. RE-14-244

GREEN TREE SERVICING,
LLC,

          Plaintiff

                              STATE ORDER ON PLAINTIFF'S MOTION
v.                            Cumberland FOR RECONSIDERATION

THELMA COPE,                            MAR 2 1 2016

          Defendant          RECEIVED

Before the court is plaintiff's motion for reconsideration of the dismissal of its foreclosure action with prejudice. For the following reasons, the motion is granted.

FACTS

Plaintiff has filed three complaints against defendant involving the same note and mortgage. Plaintiff filed the first complaint on September 15, 2009. The parties filed a stipulation of dismissal without prejudice on February 11, 2011. Plaintiff filed the second complaint on June 6, 2011. On October 12, 2012, the court granted plaintiff's motion to dismiss without prejudice. Plaintiff filed the third complaint on May 28, 2014.

The case was removed from the foreclosure diversion program after defendant's request for a loan modification was denied. By notice dated May 27, 2015, the parties were notified of a trial date of July 21, 2015. Plaintiff filed a motion to dismiss without prejudice on July 13, 2015 on the ground that it did not have standing to proceed to trial. Defendant opposed the motion on July 21, 2015 and requested that the court grant the motion to dismiss with prejudice or, in the alternative, enter judgment in her favor. The court requested that plaintiff's counsel file an affidavit outlining its efforts to address the standing issue. The affidavit showed that efforts to deal with the original lender had not been fruitful and prospects for future success appeared minimal.

1

The court dismissed the case with prejudice on January 4, 2016. Plaintiff filed its motion for reconsideration on January 19, 2016. Defendant opposed the motion on January 29, 2016. Plaintiff filed a reply on February 4, 2016.

DISCUSSION

1. Standard of Review

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). The court treats a motion to reconsider as a motion to alter or amend the judgment. M.R. Civ. P. 59(e); S. Me. Props. Co. v. Johnson, 1999 ME 37, ¶ 5, 724 A.2d 1255. The court need not grant a motion to alter or amend the judgment "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." Cates v. Farrington, 423 A.2d 539, 541 (Me. 1980). The moving party bears the burden of showing prejudicial error. Id.

2. Motion for Reconsideration

Citing Bank of N.Y. v. Dyer, 2016 ME 10, __ A.3d __, plaintiff argues that the court lacked the power to dismiss the case with prejudice because plaintiff did not have standing at the time of the dismissal. (Pl.'s Mot. Recons. 1-3.) In Dyer, the plaintiff filed a complaint for foreclosure in July 2008. Id. ¶ 3. On January 4, 2013, the first day of trial, the plaintiff moved to continue because it could not produce the original note. Id. ¶ 4. The court continued the trial until October 11, 2013. Id. On October 11, 2013, the court continued the trial until November 20, 2014 because the plaintiff wished to add a party-in-interest. Id. On September 22, 2014, the plaintiff moved to dismiss without prejudice because it lacked standing following Bank of Am., N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700. Id. The court dismissed the action without prejudice. Id. ¶ 5.

The Law Court affirmed, holding that:

2

> Because there is no dispute that the Bank lacked standing ... the trial court's power to make any adjudication on the merits of that claim, including a dismissal with prejudice, was not invoked. Accordingly, a dismissal without prejudice, which disposed of the case without exploring its merits, was the required result.

Id. ¶ 11.

The Law Court reached the same conclusion in U.S. Bank N.A. v. Curit, 2016 ME 17, ¶ 10, __ A.3d __. In Curit, the plaintiff filed a complaint for foreclosure in March 2013. Id. ¶ 5. Although trial was scheduled for August 13, 2014, plaintiff filed a motion to continue on July 23, 2014, citing a Greenleaf standing issue. Id. Trial was continued until October 14, 2014. Id. One week before trial, plaintiff filed a motion to dismiss without prejudice, again citing Greenleaf. Id. The court initially dismissed the action with prejudice, but later changed the dismissal to a dismissal without prejudice. Id. ¶¶ 6-8. Although the Law Court vacated both dismissals on procedural grounds, it held that dismissal without prejudice was the proper result:

> The trial court did not have the discretion to dismiss the action with prejudice because the bank had not received an assignment from the original lender, and a court may not rule on the merits of a claim if the plaintiff does not have standing to bring the complaint.

Id. ¶¶ 3, 10.

One possible distinction between Dyer and Curit and this case is that, in this case, the court intended the dismissal with prejudice to serve as a sanction, whereas in Dyer and Curit, the court dismissed the actions simply because the plaintiff could not establish standing at the time of trial. See Dyer, 2016 ME 10, ¶¶ 4-5, __ A.3d __ (dismissing without prejudice after plaintiff's admission that it could not establish standing prior to trial); Curit, 2016 ME 17, ¶ 6, __ A.3d __ (dismissing with prejudice based on belief that plaintiff could re-file if standing issue was resolved).

3

In Dyer, however, the defendant argued that the dismissal without prejudice granted the plaintiff "a million dollar mulligan when its inability to perfect a foreclosure is the result of its own substantive and evidentiary shortcomings." Dyer, 2016 ME 10, ¶ 6, __ A.3d __. Despite this argument, the Law Court held that dismissal without prejudice was the "required result" because there was no dispute that the plaintiff lacked standing. Id. ¶ 11. This was true even though plaintiff had three attempts at trial and, by the time of trial, more than six years had elapsed since plaintiff filed the complaint.

Dyer and Curit, therefore, leave the court with little discretion to dismiss foreclosure actions with prejudice when the plaintiff lacks standing, even when the plaintiff has engaged in dilatory conduct that warrants a sanction. See JPMorgan Chase Bank, N.A. v. Ibourk, 2016 Me. Super. LEXIS 31, at *4 (Feb. 16, 2016) ("Because plaintiff lacked standing at the time the court dismissed its action with prejudice, the court is compelled to enter a judgment of dismissal without prejudice in place of the dismissal with prejudice.").

Defendant's argument that the action should be dismissed with prejudice as to the note and without prejudice as to the mortgage is unpersuasive. (Def.'s Opp'n Mot. Recons. ¶¶ 7-8.) Defendant claims that plaintiff has standing as to the note because there is no dispute that it is the holder of the note. (Id. ¶¶ 4, 6.) In foreclosure actions, the plaintiff must establish standing as to both the note and the mortgage. Greenleaf, 2014 ME 89, ¶ 9, 96 A.3d 700. The court cannot bifurcate the standing analysis by dismissing the action with prejudice as to only the note. See id. ("Because foreclosure regards two documents—a promissory note and a mortgage securing that note—standing to foreclose involves the plaintiff's interest in both the note and the mortgage.").

4

Defendant further argues that, even if plaintiff lacks standing, that fact does not necessarily compel a dismissal without prejudice. (Def.'s Opp'n Mot. Recons. ¶ 9.) Defendant cites to Sturtevant v. Town of Winthrop, 1999 ME 84, 732 A.2d 264, in which the Law Court affirmed the trial court's entry of judgment for the defendant in plaintiff's breach of contract action, despite the fact that the plaintiff lacked standing. The trial court specifically found the plaintiff's "evidence of assignment was insufficient and that 'as a factual matter the purported assignment never occurred.'" Sturtevant, 1999 ME 84, ¶ 9, 732 A.2d 264. That factual finding was reviewed "by the clearly erroneous standard." Id. To the extent that the holding in Sturtevant is inconsistent with those in Dyer and Curit, Dyer and Curit control the result in this case because they establish the current state of the law regarding dismissal of foreclosure actions.

CONCLUSION

The Law Court has made it clear that the trial court lacks discretion to dismiss a foreclosure action with prejudice when the plaintiff lacks standing. The Law Court has not specifically addressed whether dismissal with prejudice is appropriate as a sanction under the circumstances and timeframe of this case. See Greenleaf, 2014 ME 89, 96 A.3d 700; Mortg. Elec. Registration Sys. v. Saunders, 2010 ME 79, 2 A.3d 289; see also Wells Fargo Bank v. White, 2015 ME 145, ¶ 9, 127 A.3d 538.

The entry is

> Plaintiff's Motion for Reconsideration is GRANTED. The Order filed 1/4/16 is VACATED. Plaintiff's Complaint is Dismissed without Prejudice.

Date: March 18, 2016

Nancy Mills
Justice, Superior Court

5

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-244

GREEN TREE SERVICING,
LLC,

Plaintiff

ORDER ON PLAINTIFF'S
MOTION TO DISMISS
WITHOUT PREJUDICE

v.

THELMA COPE,

Defendant

and

THE BANK OF NEW
YORK MELLON,

4 JAN '16 AM9:06

Party in Interest

## Background

Three complaints for foreclosure have been filed against defendant Cope involving the same note and mortgage. The first complaint for foreclosure was filed on September 15, 2009. The parties filed a stipulation of dismissal without prejudice on February 11, 2011. CUMB-RE-09-415.

The second complaint for foreclosure was filed on June 6, 2011. On October 12, 2012, plaintiff's motion to dismiss without prejudice was granted. CUMB-RE-11-406.

The third complaint for foreclosure was filed on May 28, 2014. Defendant's answer was filed on August 5, 2014. The parties attended mediation on September 12, 2014 and a second mediation session was scheduled for December 5, 2014. (Rept. 9/12/14.) Because defendant's request for a loan modification was denied, however, defendant moved to remove the case from the foreclosure diversion program by motion filed December 4, 2014. (Def.'s Mot. Remove Foreclosure Diversion Program 1.) That

motion was granted on December 4, 2014. A scheduling order issued on December 16, 2014. The parties pursued discovery. Defendant, who was 90 years old at the time of the argument on the motion to dismiss, was deposed on March 12, 2015. (Def.'s Opp'n to Mot. Dismiss 2.)

By notice dated May 27, 2015, the parties were notified of the trial date of July 21, 2015. On July 1, 2015, plaintiff filed a motion to amend the complaint to add a count for declaratory judgment, an effort to address a standing issue. (Mot. Amend 2.) By order filed July 15, 2015, the court denied plaintiff's motion to amend because the motion was untimely and because trial was scheduled for July 21, 2015.

On July 13, 2015, plaintiff filed a motion to dismiss without prejudice. Plaintiff acknowledged that it did not have standing to proceed and would not have standing at the time of trial. (Mot. Dismiss 2.) Defendant filed an opposition to the motion to dismiss on July 21, 2015. Defendant requests the court grant the motion to dismiss with prejudice or, in the alternative, enter judgment in her favor. (Def.'s Opp'n to Mot. Dismiss 3; Def.'s Opp'n to Mot. Leave File Reply 2.) Plaintiff's counsel received defendant's opposition on July 20, 2015. (Am. Mot. Leave File Reply 2.) Counsel argued the motion to dismiss on the trial date, July 21, 2015. The court requested that plaintiff's counsel file an affidavit by August 21, 2015 outlining plaintiff's efforts to address the standing issue.

On August 3, 2015, plaintiff filed a reply to defendant's opposition to the motion to dismiss without prejudice. On the same day, plaintiff filed an amended motion for leave to file a reply to defendant's opposition. Plaintiff stated, "Plaintiff was not able to file a reply within either deadline fixed by Rule 7(e)." (Am. Mot. Leave File Reply 2.) On August 14, 2015, defendant filed an opposition to the amended motion for leave to

2

file a reply to defendant's opposition. On August 20, 2015, the plaintiff's counsel filed his affidavit.

The affidavit shows that plaintiff's counsel did not rely on a case-by-case approach to solve the Greenleaf. (Jordan Aff. ¶ 3.) Efforts to deal with the original lender have not been fruitful and prospects for future success appear minimal. (Jordan Aff. ¶¶ 7-9.) Resolutions pursued in other cases were not achieved in this case. Defendant's request for a loan modification was denied and the case was removed from mediation. (Jordan Aff. ¶ 6.)

Discussion

The parties dispute whether plaintiff knew in 2010 from the Saunders case that it did not have standing. See Mortg. Elec. Registration Sys., Inc. v. Saunders, 2010 ME 79, ¶ 10, 2 A.3d 289. The court made clear in Saunders that based on the language in the mortgage, MERS did not qualify as a mortgagee. Saunders, 2010 ME 79, ¶ 11, 2 A.3d 289. In Saunders, however, "the Bank filed: (1) an undated, two-page allonge indicating that [the original lender] transferred the note to the Bank, and (2) an assignment indicating that MERS had transferred any rights it had in the note or mortgage to the Bank." Saunders, 2010 ME 79, ¶ 5, 2 A.3d 289. The court in Saunders determined that "the jurisdictional flaw was corrected when the court appropriately granted the Bank's motion for substitution." Saunders, 2010 ME 79, ¶ 26, 2 A.3d 289. Plaintiff makes no such allegation in this case and admits it had no standing at the time of trial.

Unquestionably, plaintiff knew on July 3, 2014 from the Greenleaf case that plaintiff had no standing to foreclose. Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 17, 96 A.3d 700. One year later, plaintiff filed a motion to amend the complaint and a motion to dismiss. Plaintiff was not prepared to proceed to trial on July 21, 2015 and admitted it cannot prove it is entitled to a judgment of foreclosure.

3

The court agrees with the reasoning set forth in <u>Nationstar Mortg., LLC v. Deakin</u>. 2015 Me. Super. LEXIS 174 (July 9, 2015). Unlike <u>Deakin</u>, which involved two complaints for foreclosure, this case involves three complaints for foreclosure. Although the motion to dismiss in this case was filed one week before trial, as opposed to on the day of trial as in <u>Deakin</u>, plaintiff had two months' notice of the trial date and knew for months that the <u>Greenleaf</u> issues would not be resolved.

Further, no reasons were given for the previous stipulation of dismissal in the first case, after the case had been pending for eighteen months, and the motion to dismiss without prejudice in the second case, in which defendant was unrepresented, after the case had been pending for sixteen months. Plaintiff now seeks a third voluntary dismissal. Fairness dictates it should not receive more favorable treatment than it would have received if plaintiff had filed a notice of dismissal. <u>See Deakin</u>, 2015 Me. Super. LEXIS 174, at *2; M.R. Civ. P. 41(a).

The entry is

> Plaintiff's Amended Motion for Leave to File Reply to Defendant's Opposition to Plaintiff's Motion to Dismiss without Prejudice is GRANTED.
>
> Plaintiff's Motion to Dismiss Complaint without Prejudice is DENIED. Plaintiff's Complaint is DISMISSED with Prejudice.

Dated: January 2, 2016

Nancy Mills
Justice, Superior Court

4

WILLIAM JORDAN ESQ
SHAPIRO & MORLEY
707 SABLE OAKS DRIVE
SUITE 250
SOUTH PORTLAND ME 04106




JOSHUA KLEIN GOLDEN ESQ
CLIFFORD & GOLDEN
PO BOX 368
LISBON FALLS ME 04252




JEFFREY HARDIMAN ESQ
SHECHTMAN HALPERIN SAVAGE
1080 MAIN ST
PAWTUCKET RI 02860