MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2024 ME 13
Docket:      Oxf-21-412
Argued:      November 1, 2022
Decided:     January 30, 2024

Panel:       STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ., and
             HUMPHREY, A.R.J.
Majority:    STANFILL, C.J., and JABAR, HORTON, CONNORS, and LAWRENCE, JJ.
Dissent:     MEAD, J., and HUMPHREY, A.R.J.

J.P. MORGAN MORTGAGE ACQUISITION CORP.

v.

CAMILLE J. MOULTON


JABAR, J.

[¶1]  J.P. Morgan Mortgage Acquisition Corp. appeals from a decision of the District Court (South Paris, *Ham-Thompson, J.*) granting Camille J. Moulton's motion for summary judgment on the ground that J.P. Morgan's notice of Moulton's right to cure did not meet the requirements of 14 M.R.S. § 6111 (2023).  We affirm the court's conclusion regarding the defective notice but, consistent with our decision in *Finch v. U.S. Bank, N.A.,* 2024 ME 2, --- A.3d ---, we vacate the portion of the judgment requiring J.P. Morgan to discharge the mortgage.

# I. BACKGROUND

[¶2]  The following facts are supported by the summary judgment record and presented in the light most favorable to J.P. Morgan as the nonprevailing party. *Lubar v. Connelly*, 2014 ME 17, ¶ 4, 86 A.3d 642.

[¶3]  Moulton owns real estate in Buckfield subject to a March 18, 2009, mortgage, which secured payment of a $62,985 note.  The real estate is Moulton's residence.  The mortgage was executed in favor of Taylor, Bean & Whitaker Mortgage Corp. and was assigned to J.P. Morgan on March 21, 2018.  Under the terms of the mortgage, when Moulton made a partial mortgage payment, the monthly payment would remain outstanding and the partial payment would be held in a suspense balance as a credit against the loan.  The suspense balance would be applied as a payment only when it was enough to constitute a full payment, at which point it would be applied to the earliest outstanding monthly payment.

[¶4]  After writing a check dated November 18, 2016, for $720.00, Moulton ceased making payments on the loan.  The monthly payment due was $742.54.  At that point, Moulton had an existing suspense balance from prior partial payments.  Pursuant to the terms of the loan, $47.62 of the November 18, 2016, payment was added to the suspense balance to make a full

payment for the oldest outstanding payment due, and the remaining amount of the November 18 payment ($672.38) was held as a credit in suspense.

[¶5] J.P. Morgan sent Moulton a notice of default and right to cure on November 22, 2018. When the notice was sent, the loan was in default for failure to pay from October 2016 through November 2018. The notice provided that "the total amount to cure the default is $20,930.04," but also directed Moulton to "refer to the attached *Exhibit A* for the itemized breakdown of the total amount due." Exhibit A's itemized breakdown indicated $20,257.66 as the total amount due following the application of the $672.38 that the bank had been holding in suspense.

[¶6] On January 24, 2019, J.P. Morgan filed a complaint for foreclosure in District Court. *See* 14 M.R.S. § 6321 (2023). Moulton answered and requested mediation. Mediation was unsuccessful, and the matter was returned to the docket on August 21, 2019. Prior to trial, the case was continued due to the foreclosure moratorium under the CARES Act. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 4022(c)(2), 134 Stat. 281, 491 (2020). On August 23, 2021, J.P. Morgan filed a motion to dismiss its complaint without prejudice pursuant to M.R. Civ. P. 41(a)(2). On September 13, Moulton

4

filed an opposition to the motion to dismiss and a motion for summary judgment. J.P. Morgan opposed the motion for summary judgment.

[¶7] On November 24, 2021, the court denied J.P. Morgan's motion to dismiss. The court granted Moulton's motion for summary judgment on the ground that the right-to-cure notice was deficient because it failed to clearly inform Moulton of the amount that she was required to pay to cure the default, and thus Moulton was entitled to judgment as a matter of law. The court went further, however, and declared that Moulton "holds title to the real property at issue, unencumbered by the mortgage and promissory note." The court also awarded her reasonable attorney fees and costs.

[¶8] J.P. Morgan timely appealed the final judgment.[1] M.R. App. P. 2B(c).

## II. DISCUSSION

### A. Standard of Review

[¶9] We review the trial court's ruling on a motion for summary judgment de novo, "considering the properly presented evidence and any reasonable inferences that may be drawn therefrom in the light most favorable to the nonprevailing party, in order to determine whether there is a genuine

---

[1] J.P. Morgan did not raise, and we therefore do not address, any issue regarding the court's denial of its motion to dismiss. Nonetheless, we note that such dismissal would be appropriate, especially in light of *Finch,* 2024 ME 2, --- A.3d ---.

issue of material fact and whether [the] party is entitled to a judgment as a matter of law." *Estate of Frost*, 2016 ME 132, ¶ 15, 146 A.3d 118.

[¶10]  "A plaintiff seeking a foreclosure judgment must comply strictly with all steps required by statute." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (quotation marks omitted).  To prevail in a foreclosure action under 14 M.R.S. § 6321, the plaintiff must prove eight conditions, including "properly served notice of default and mortgagor's right to cure in compliance with statutory requirements."  *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; 14 M.R.S. § 6321 ("The mortgagee shall further certify and provide evidence that all steps mandated by law to provide notice to the mortgagor pursuant to section 6111 were strictly performed.").

## B.  Notice of Right to Cure

[¶11]  The trial court did not err when it determined that the right-to-cure notice was deficient because it did not clearly put Moulton on notice of what was required of her to cure the default.  *See, e.g., Greenleaf*, 2014 ME 89, ¶¶ 29-31, 96 A.3d 700 (vacating foreclosure judgment because notice of default and right to cure specifying an amount to cure the default but also instructing the mortgagor to contact the mortgagee for an updated amount-to-cure figure was deficient); *JPMorgan Chase Bank, N.A. v. Lowell*,

2017 ME 32, ¶¶ 14-21, 156 A.3d 727 (holding that notice of default providing a value for late monthly payments and an additional value for "advances" was insufficient because the mortgagor would have to contact the mortgagee to determine what the amount to cure was and because the amounts stated indicated that the mortgagor was uncertain of the amount to cure); *U.S. Bank Trust, N.A. v. Jones*, 330 F. Supp. 3d 530, 537-38 (D. Me. 2018) (holding that notice containing an inaccurately inflated amount-to-cure is deficient when the mortgagee included an item in the notice that "a reader could have interpreted . . . as requiring a payment . . . more than that actually required to cure the borrower's default").  The notice itself overstated the amount required to cure the default by $672.38, the amount that J.P. Morgan was holding in suspense. J.P. Morgan thus failed to make a prima facie showing of strict compliance with section 6111 and in turn could not prove an essential element of foreclosure. *See Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 11, 123 A.3d 216.

[¶12]  In *Finch v. U.S. Bank, N.A.*, we held that where a lender has not complied with the prerequisites to acceleration under section 6111, a court cannot conclude that initiation of a foreclosure action nevertheless accelerates the note balance.  2024 ME 2, ¶ 6, --- A.3d ---.  Therefore, when a court enters summary judgment against a lender or dismisses the lender's foreclosure claim

due to a deficient notice of the right to cure under section 6111, the effect of the judgment or dismissal of the claim is to preclude any future claim for the outstanding balance due on the note as of the date of the judgment (unless the lender has asserted a separate claim for the unaccelerated balance due). *Id.* ¶¶ 51-52. It does not preclude the lender from bringing a future foreclosure claim based on a future default, nor does it discharge the entire mortgage or effect a transfer of title. *Id.* ¶ 52.

[¶13] Although the judgment on the claim for foreclosure based on the defective notice here is dispositive, we vacate that portion of the trial court's judgment "declaring that [Moulton] holds title to the real property at issue, unencumbered by the mortgage and promissory note" on another ground. There was no counterclaim for a declaratory judgment and thus no basis for the court to go beyond entry of the judgment in favor of Moulton by declaring the *effect* of its judgment. On a motion for summary judgment, the trial court could either enter a judgment of foreclosure or enter a judgment in favor of the defendant on the foreclosure complaint. Courts may not, however, opine on the effect of a judgment, its enforcement, or other post-judgment matters absent a specific cognizable claim for declaratory relief.

[¶14] We do not disturb the trial court's award of reasonable attorney fees for defending against the foreclosure claim given the deficient right-to-cure notice. *See id.* ¶ 51 ("The court should ordinarily also consider awarding attorney fees to the borrower pursuant to the applicable statute."); 14 M.R.S. § 6101 (2023) ("If the mortgagee does not prevail, . . . the court may order the mortgagee to pay the mortgagor's reasonable court costs and attorney's fees incurred in defending against the foreclosure or any proceeding within the foreclosure action . . . .").

### III. CONCLUSION

[¶15] Because we agree that the section 6111 notice was defective, we affirm that portion of the judgment. We vacate the portion of the judgment ordering discharge of the mortgage, however.

The entry is:

> Portion of judgment ordering discharge of the mortgage is vacated. The remainder of the judgment is affirmed.

---

MEAD, J., with HUMPHREY, A.R.J., joins, dissenting.

[¶16]  Although we agree with the Court's observation that "[t]he trial court did not err when it determined that the right-to-cure notice was deficient because it did not clearly put Moulton on notice of what was required of her to cure the default," Court's Opinion ¶ 11, we depart, as we did in the dissenting opinion in *Finch v. U.S. Bank, N.A.*, 2024 ME 2, ¶ 63, --- A.3d ---, from the Court's treatment of the consequences of a flawed notice of right to cure.  We would again conclude that the commencement of a foreclosure action seeking the entire amount due constitutes an acceleration of the debt, and a judgment of the trial court finding that the mortgagee has failed to satisfy one or more of the statutory elements for foreclosure constitutes a final judgment on the merits and bars relitigation of any matter related to the mortgage.

[¶17]  We take this occasion, however, to point out that this case could and should have been dismissed based upon a threshold issue that is apparent on the summary judgment record—standing.

[¶18]  When a defendant moves for summary judgment, a plaintiff ordinarily "bears the burden of making out her prima facie case as to every element."  *Boivin v. Somatex, Inc.*, 2022 ME 44, ¶ 10 n.2, 279 A.3d 393.  Particularly here, where one required element of proof—ownership of the

mortgage—is necessary to establish the threshold issue of standing, the obligation of a lender to make out a complete prima facie case is essential. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 8, 17-18, 96 A.3d 700 (dismissing a foreclosure complaint for lack of standing for failure to provide proof of ownership of the note and mortgage and indicating that such proof is a necessary element). Although a "plaintiff may, in certain instances, satisfy the burden by putting forth prima facie evidence that establishes a genuine dispute of material fact as to only those elements that are challenged by a defendant's factual or legal argument," *Boivin*, 2022 ME 44, ¶ 10 n.2, 279 A.3d 393, this is not a situation in which that rule should be applied. *Cf. Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 9, 742 A.2d 933 (concluding that prima facie case as to elements not challenged by the defendant could be assumed in an attorney malpractice matter in which the plaintiff's standing as a client was clear and undisputed).

[¶19] Here, J.P. Morgan Mortgage Acquisition Corporation, in responding to Moulton's motion for summary judgment, failed to demonstrate its ownership of the mortgage. It relied entirely on Moulton's statement of material fact regarding the existence of (1) a purported mortgage assignment to J.P. Morgan by Mortgage Electronic Registration Systems, Inc. (MERS) and

(2) a purported quitclaim assignment from "Carrington Mortgage Services, LLC, as attorney in fact for Government National Mortgage Association for Taylor, Bean & Whitaker." As the trial court explained in a footnote in its judgment, neither of these documents—presented through Moulton's affidavit "[o]n information and belief"—established standing for two reasons. *See Collins v. State*, 2000 ME 85, ¶ 5, 750 A.2d 1257 (stating that an issue of standing may be raised by a court sua sponte because it is jurisdictional).

[¶20] First, the attempted assignment by MERS was fatally defective. The language used in the document is identical to the language in *Greenleaf*, 2014 ME 89, ¶¶ 12-17, 96 A.3d 700, we deemed insufficient to effectuate an assignment because MERS, the purported assignor, is a mere nominee for purposes of recording a mortgage and is not the entity holding the assignable interest in the mortgage.

[¶21] Second, the purported quitclaim assignment referenced in J.P. Morgan's statement of material facts is insufficient to demonstrate standing. It was executed by a representative of "Carrington Mortgage Services, LLC, as attorney in fact for Government National Mortgage Association for Taylor, Bean & Whitaker." Nothing in any of the statements of material facts or the referenced exhibits demonstrates the existence or nature of the relationship

between Taylor, Bean & Whitaker—the original lender—and Government National Mortgage Association. Nor do any statements or referenced exhibits demonstrate that Carrington Mortgage Services, LLC, had the power of attorney to act on behalf of Government National Mortgage Association "for" the original lender.

[¶22] Rather than dismissing the foreclosure complaint based on the lack of standing, the trial court here entered a summary judgment. When it did so, it understood the existing case law to hold that the consequence of its judgment would be akin to a dismissal with prejudice. *See Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶¶ 18-36, 175 A.3d 103; *Fed. Nat'l Mortg. Ass'n v. Deschaine*, 2017 ME 190, ¶ 37, 170 A.3d 230; *see also Bank of N.Y. v. Dyer*, 2016 ME 10, ¶ 11, 130 A.3d 966 (noting that a dismissal with prejudice operates as a ruling on the merits). *Deschaine* and *Pushard* have now been overruled, however, *see Finch*, 2024 ME 2, ¶ 51, --- A.3d ---, which makes it important for the Court to clarify the proper procedural response when a plaintiff has not provided proof of standing.[2] *See Dyer*, 2016 ME 10, ¶ 11, 130 A.3d 966 (stating that a party that

---

[2] We also disagree with the Court's holding that a dismissal or summary judgment for the borrower "due to deficient notice of right to cure" under 14 M.R.S. § 6111 (2023) precludes a plaintiff from bringing "any future claim for the outstanding balance due on the note *as of the date of the judgment* (unless the lender has asserted a separate claim for the balance due)." Court's Opinion ¶ 12 (emphasis added). We continue to regard a summary judgment as a judgment on the merits on the

lacked standing "never had the rights necessary to get through the courthouse door and pursue its claim in the first place" (alteration and quotation marks omitted)). When a party lacks standing, a complaint should be dismissed because the matter is not properly before the court for consideration on the merits. *See Bank of Am., N.A. v. Greenleaf*, 2015 ME 127, ¶ 8, 124 A.3d 1122 ("A plaintiff's lack of standing renders that plaintiff's complaint nonjusticiable—i.e., incapable of judicial resolution.").

---

*full* amount due when a lender has accelerated a debt through a foreclosure action, *see Finch v. U.S. Bank, N.A.*, 2024 ME 2, ¶ 63, --- A.3d --- (Hjelm, A.R.J., dissenting), and we regard such a judgment on the merits as having a preclusive effect, as explained in the dissenting opinion in *Finch*:

> Not even seven years ago, in two separate but analytically related cases each decided unanimously, the Court held that a judgment entered against a mortgagee in a foreclosure action barred successive lawsuits seeking the same relief. *See Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶¶ 4, 35-36, 175 A.3d 103 (where the judgment in the first proceeding was based, in part, on a deficient notice of default); *Fed. Nat'l Mortg. Ass'n v. Deschaine*, 2017 ME 190, ¶¶ 7, 37, 170 A.3d 230 (where the prior judgment was issued as a sanction for the plaintiff's failure to comply with a pretrial procedural order). This conclusion is unremarkable because it treats mortgagees like any other claimant that had already sought relief but was unsuccessful—when a party loses its case through a final judgment arising from a failure of proof or some other reason that is dispositive, that party is barred from trying again. *See U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, ¶¶ 6, 10, 126 A.3d 734. Today, the Court retreats from that principle. It does not do so because the law emanating from those cases has become antiquated. It does not do so because the law has changed. Rather, the Court does so simply because it now disagrees with the outcome of the cases we decided a short time ago.

2024 ME 2, ¶ 53, --- A.3d --- (Hjelm, A.R.J., dissenting). Here, however, there is no need for the majority to invoke *Finch* in any respect. We would not address the merits of the arguments regarding the adequacy of the notice provided under section 6111 because J.P. Morgan failed to show that it possesses the necessary interest in the mortgage to support its standing to foreclose, and the matter should be dismissed.

[¶23]  The summary judgment entered here should therefore be vacated and the matter remanded for the court to dismiss the complaint for lack of standing.  On remand, the trial court must determine whether the dismissal should be with or without prejudice.  *See Green Tree Servicing, LLC v. Cope*, 2017 ME 68, ¶ 18, 158 A.3d 931 ("[E]ven when a court is without power to reach the merits of a complaint because the plaintiff lacks standing, the court is not divested of its inherent authority to dismiss the complaint with prejudice as a sanction for misconduct." (citations omitted)).

---

William Fogel, Esq. (orally), and Santo Longo, Esq., Bendett & McHugh, P.C., Portland, for appellant J.P. Morgan Mortgage Acquisition Corp.

Kendall A. Ricker, Esq. (orally), Boothby, Silver & Ricker, LLC, Turner, for appellee Camille J. Moulton

Andrea Bopp Stark, Esq., National Consumer Law Center, Boston, Massachusetts, for amicus curiae National Consumer Law Center

Adam J. Shub, Esq., and Jonathan Mermin, Esq., Preti Flaherty Beliveau & Pachios LLP, Portland, for amicus curiae Maine Bankers Association

John Michael Ney, Jr., Esq., and Sonia J. Buck, Esq., Brock & Scott PLLC, Pawtucket, Rhode Island, for amicus curiae USFN — America's Mortgage Banking Attorneys

Reneau J. Longoria, Esq., Doonan, Graves & Longoria LLC, Beverly, Massachusetts, for amicus curiae Doonan, Graves & Longoria LLC

Frank D'Alessandro, Esq., and Deborah Ibonwa, Esq., Maine Equal Justice, Augusta, for amicus curiae Maine Equal Justice

Adrianne E. Fouts, Esq., and Amy K. Olfene, Esq., Drummond Woodsum, Portland, and Marissa I. Delinks, Esq., Hinshaw & Culbertson LLP, Boston, Massachusetts, for amici curiae The Federal National Mortgage Association and The Federal Home Loan Mortgage Corporation

Jeremy Kamras, Esq., Arnold & Porter Kaye Scholer LLP, Washington, District of Columbia, for amicus curiae The Federal Housing Finance Agency

Daniel L. Cummings, Esq., Norman, Hanson & DeTroy, LLC, Portland, for amicus curiae Maine Credit Union League

Jonathan E. Selkowitz, Esq., Pine Tree Legal Assistance, Inc., Portland, for amicus curiae Pine Tree Legal Assistance, Inc.

South Paris District Court docket number RE-2019-2
FOR CLERK REFERENCE ONLY