STATE OF MAINE
SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-16-10

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-BC5,

     Plaintiff

v.

DECISION ONE MORTGAGE
COMPANY, LLC,

     Defendant

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR
DECISION ONE MORTGAGE COMPANY,
LLC,

RICK EASTMAN,

DOWNEAST ENERGY,

and

ADAM BAKER WELL DRILLING,

     Parties-in-Interest

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFF'S MOTION
FOR QUIET TITLE AND
DECLARATORY PARTIAL
DEFAULT JUDGMENT AND
JUDGMENT ON THE PLEADINGS

Pending before the court is Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-BC5's motion for quiet title, declaratory partial default judgment, and judgment on the pleadings against Defendant Decision One Mortgage Company, LLC.

For the reasons set forth below, Plaintiff's motion is denied.

## I. BACKGROUND

According to Plaintiff's complaint, on August 22, 2005, Party-in-Interest Rick Eastman executed and delivered to Defendant an adjustable rate note in the amount of $202,350.00.[1] (Pl.'s Compl. ¶ 10.) To secure the note, Eastman executed a mortgage deed in favor of Party-in-Interest Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Defendant. (Pl.'s Compl. ¶ 12.) The secured property is located at 7 Heron Lane in Richmond, Maine. (Pl.'s Compl. ¶ 12.) The mortgage deed was recorded in the Sagadahoc County Registry of Deeds. (Pl.'s Compl. ¶ 12.)

Plaintiff asserts that on September 29, 2006, MERS assigned the mortgage to "The Bank of New York, a New York Corporation, as Trustee," but that on March 22, 2013, MERS expunged that assignment by virtue of an "Affidavit of Expungement of Assignment of Mortgage." (Pl.'s Compl. ¶ 14.) Plaintiff further asserts that "by virtue of an Assignment of Mortgage dated April 28, 2010,"[2] MERS assigned the mortgage to Plaintiff. (Pl.'s Compl. ¶ 15, Ex. F.)

In 2014, the Law Court held that MERS, as nominee for a lender, had no right to assign a mortgage on behalf of that lender. *Bank of Am., N.A. v. Greenleaf (Greenleaf I),* 2014 ME 89, ¶¶ 14-17, 96 A.3d 700. This left MERS' purported assignees, such as Plaintiff here, unable to prove sufficient ownership interest in the mortgage to have standing to foreclose. *See id.* ¶ 22 n. 13 ("Standing requires that the plaintiff have a minimal legal interest in both the note and mortgage to seek a foreclosure, including

---

[1]The note was apparently thereafter endorsed by Defendant to Plaintiff. (Pl.'s Compl. Ex. B 3.) The endorsement is undated. (*Id.*) Plaintiff alleges that it is the current holder of the note. (Pl.'s Compl. ¶¶ 11, 16, 17.)

[2]The notary subscription on the assignment states that Michele Holtz personally acknowledged her signature before the notary on April 28, 2010, but Michele Holtz' signature on behalf of MERS is not actually dated. (Pl.'s Compl. Ex. F 1.) Confusingly, the body of the assignment states that the assignment "is effective as of November 20, 2009." (*Id.*)

2

ownership of the mortgage."). *See also U.S. Bank N.A. v. Curit*, 2016 ME 17, ¶ 9 n.4, 131 A.3d 903 (citing *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶¶ 15, 26, 2 A.3d 289; *Greenleaf I*, 2014 ME 89, ¶¶ 15-17, 96 A.3d 700) (internal citations omitted) ("Since 2010, we have made clear that MERS, as 'nominee' for the lender for the purpose of recording the mortgage, does not have any enforceable right in the debt that secures the mortgage and thus cannot foreclose upon the mortgage; MERS can only assign the right to record the mortgage and cannot assign ownership of the mortgage.").

Presumably hoping to resolve a similar standing problem in advance of an action to foreclose, Plaintiff filed this action for declaratory judgment against Defendant on March 28, 2016. Specifically, Plaintiff asks this court to do the following:

> (a) Confirm that [Defendant] intended that [MERS] as nominee for [Defendant] has the right to assign, enforce and discharge [Defendant's] ownership interest in the mortgage, and ratify all actions taken in accordance with said assignment by said assignee or any subsequent assignee;
> (b) Order the Confirmatory Transfer of [the mortgage] . . . to [Plaintiff]; [ensure] that the aforesaid order is a confirmatory *Nunc Pro Tunc* order and an effective reaffirmation of the assignment from [MERS] dated April 28, 2010 . . . ;
> (c) Specifically find the Plaintiff is the owner of both the Note and Mortgage Deed and its ownership rights in the subject property; *nunc pro tunc* as of April 28, 2010 . . . ;
> (d) Render an in rem permanent injunction concerning the ownership of the subject property mortgage, subject to any rights of redemption held by the mortgagees, rests with the Plaintiff [sic]; and
> (e) Grant such other and further relief as the Court may determine proper.

(Pl.'s Compl. 4-5.)

3

MERS and Adam Baker Well Drilling, Inc.[3] have each filed an answer to Plaintiff's complaint. The Defendant has not answered the complaint or appeared in this action, nor have Rick Eastman or Downeast Energy.[4]

An evidentiary hearing in this matter was held on March 7, 2017. *See* M.R. Civ. P. 55(b)(2) ("If, in order to enable the court to enter judgment or to carry it into effect, it is necessary . . . to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings . . . as it deems necessary and proper . . . .") Plaintiff appeared by counsel. Party-in-interest Adam Baker Well Drilling, Inc. appeared pro se by representative Adam Baker but did not offer any argument or evidence. Plaintiff's counsel produced the original note for the Court's inspection and the Court is satisfied that Plaintiff's Exhibit 1 is a true copy of the original note.

Plaintiff's sole witness was Jennifer Ogle, a foreclosure litigation specialist for Shellpoint Mortgage Servicing ("SMS"). Ms. Ogle affirmed that she is "personally familiar with the loan concerning Rick Eastman" and that Plaintiff's Exhibit 1 is "a copy of what is [SMS's] business record as well as the original note." However, no testimonial or other evidence was offered to explain the relationship, if any, between SMS and Plaintiff.

---

[3] Adam Baker Well Drilling, Inc. is a party in interest pursuant to a Writ of Execution in the amount of $9,680.81 dated April 2, 2009, and recorded in the Sagadahoc County Registry of Deeds. (Pl.'s Compl. ¶ 6; Ans. of Adam Baker Well Drilling Inc. ¶ 6.)

[4] According to Plaintiff's complaint, Downeast Energy is a party in interest pursuant to a Notice of Judgment (Small Claims) in the amount of $1,091.88 dated November 9, 2006, and recorded in the Sagadahoc County Registry of Deeds. (Pl.'s Compl. ¶ 5.)

## II. DISCUSSION

### a. Quiet title.

Plaintiff's motion is captioned, in part, "motion for quiet title." (Pl.'s Mot. 1.) However, Plaintiff neither claims to be in possession of the subject property nor claims that Plaintiff has conveyed any interest in the property. 14 M.R.S. § 6651 (2016) (actions to quiet title may be brought by "[a] person in possession of real property, claiming an estate of freehold therein or an unexpired term of not less than 10 years, or a person who has conveyed such property or any interest therein with covenants of title or warranty, upon which he may be liable.") Quiet title actions are vehicles to confirm legal title to real estate, not to adjudicate ownership interests in a mortgage, which secures the right to payment under the note instrument. *See* 14 M.R.S. §§ 6651-6658. To the extent that Plaintiff moves to quiet title at this time, the Court does not see fit to grant Plaintiff's motion.

### b. Declaratory judgment.

Plaintiff moves for "declaratory default judgment" against Defendant and all parties in interest. (Pls.' Mot. 1.) The court questions whether declaratory judgment is appropriate in this case. Maine's Declaratory Judgments Act empowers the court to "declare . . . rights, status and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5593, 5597 (2015). The Declaratory Judgment Act "does not relax the requirements of justiciability necessary to present the Court with a judicable controversy." *Berry v. Daigle*, 322 A.2d 320, 325 (Me. 1974). Declaratory judgment is not proper unless the case presents "an active dispute of real interests between the litigants." *Id*. It is unclear whether there is any such dispute in this matter.

In addition, it is not apparent that a determination by the court as to whether

5

Plaintiff owns the mortgage will remove uncertainty; if the court determines that Plaintiff does not own the mortgage, the remaining parties would still be free to litigate the ownership of the mortgage. *See* 14 M.R.S. § 5958; *United States Bank Nat'l Ass'n v. Decision One Mortg. Co.*, RE-16-115, 2016 Me. Super. LEXIS 227, at *4 (Nov. 21, 2016).

Finally, in light of the Law Court's decision in *Greenleaf* and based on the facts of this case, it is unclear whether it is within the purview of this Court to grant Plaintiff the remedy that it truly seeks: standing to foreclose on the mortgage. *See Greenleaf I*, 2014 ME 89, ¶¶ 14-17, 96 A.3d 700. The Court is not persuaded by Plaintiff's argument that a declaratory judgment is proper because the mortgage is held in equitable trust for the holder of the mortgage note. (Pl.'s Memo. of Law 2-3) (citing, inter alia, *Jordan v. Cheney*, 74 ME 359 (Me. 1883)).) The Law Court in *Greenleaf I* held that a bank, as transferee of MERS as nominee for the mortgagee, had no standing to foreclose on the transferred mortgage despite having proven its status as holder of the mortgage note and its right to enforce the debt created thereby. *Greenleaf I*, 2014 ME 89, ¶ 11, 96 A.3d 700. To find here, for the sole reason that Plaintiff is the holder of the mortgage note, that Plaintiff, as transferee of MERS as nominee for Defendant mortgagee, is the owner of the mortgage as beneficiary of an equitable trust held by Defendant would either fly in the face of the Law Court's decision or would fail to satisfy the standing requirements set out therein, and possibly both. *See generally* John J. Aromando, *Standing to Foreclose in Maine: Bank of America, N.A. v. Greenleaf*, 29 Maine Bar J. 186 (2014) (noting that *Greenleaf I* marks a distinct departure from Maine precedent on the equitable trust doctrine as it applies to mortgages).

c. **Default judgment.**

The court has discretion in entering default judgment. "[T]he granting of a default judgment is discretionary, premised on the theory that justice is better served by

adjudicating cases on their merits than by the use of default judgments." *Millett v. Dumais*, 365 A.2d 1038, 1040 (Me. 1976). Although at hearing Plaintiff's counsel apparently intended to establish Plaintiff's status as holder of the note, Plaintiff's witness had no discernable connection to Plaintiff or Plaintiff's business affairs. The Court therefore has no evidentiary basis to determine that Plaintiff is the holder of the note and therefore default judgment is not proper at this time.

### d. Judgment on the pleadings.

Pursuant the caption of Plaintiff's motion, Plaintiff seeks judgment on the pleadings in addition to default judgment. (Pl.'s Mot. 1.) "A motion for judgment on the pleadings filed by the plaintiff tests the legal sufficiency of the affirmative defenses set forth in the defendant's answer." *Cunningham v. Haza*, 538 A.2d 265, 267 n.2 (Me. 1988) (citing 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.14 (2d ed. 1970). *See also Temple v. DiPietro*, 2015 ME 166, ¶ 27, 130 A.3d 368. Judgment on the pleadings is inappropriate in this matter because the Defendant has neither appeared nor filed any responsive pleading. *See United States Bank v. Decision One Mortg. Co.*, No. CV-15-65, 2016 Me. Super. LEXIS 173, *7 (July 26, 2016). *See also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336-37 (11th Cir. 2014).

## III.   CONCLUSION

In light of the foregoing, Plaintiff's motion is **DENIED**.

Given the court's analysis above regarding the legal issues at issue in this matter, it appears that entry of dismissal without prejudice would be the appropriate action making this a final judgment subject to appeal. However, it would be inappropriate for the court to dismiss this matter without allowing time for input from the Plaintiff. The Plaintiff is allowed until May 1, 2017 to make additional filings in this matter. If no

7

additional filings are made, this matter will be dismissed without prejudice by the court.

Date: March 27, 2017

_____
Daniel I. Billings
Justice, Maine Superior Court

THE BANK OF NEW YORK MELLON - PLAINTIFF
20 BROAD STREET LL2
NEW YORK NY 10005
Attorney for: THE BANK OF NEW YORK MELLON
JOHN A DOONAN  - RETAINED 03/28/2016
DOONAN GRAVES LONGORIA LLC
100 CUMMINGS CENTER, STE 225D
BEVERLY MA 01915

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-RE-2016-00010

**DOCKET RECORD**

v.
DECISION ONE MORTGAGE COMPANY LLC - DEFENDANT
6060 JA JONES DRIVE SUITE 1000
CHARLOTTE NC 28287


MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC - PARTIES IN INTEREST
1818 LIBRARY STREET SUITE 300
RESTON VA 20190
Attorney for: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
PAUL D WEINSTEIN  - RETAINED 04/14/2016
BENDETT & MCHUGH PC
30 DANFORTH ST SUITE 104
PORTLAND ME 04101


RICK EASTMAN  - PARTIES IN INTEREST


DOWNEAST ENERGY - PARTIES IN INTEREST
18 SPRING STREET
BRUNSWICK ME 04011


ADAM BAKER WELL DRILLING - PARTIES IN INTEREST
32 KIMBERLEY CIRCLE
BRUNSWICK ME 04011

Filing Document: COMPLAINT Minor Case Type:  OTHER REAL ESTATE
Filing Date: 03/28/2016

## Docket Events:
03/28/2016 FILING DOCUMENT - COMPLAINT FILED ON 03/28/2016


03/28/2016 Party(s):  THE BANK OF NEW YORK MELLON
          ATTORNEY - RETAINED ENTERED ON 03/28/2016